Robert F. WOLFE, Appellant,

v.

STATE of Alaska, Appellee.

No. 2766.

Supreme Court of Alaska.

Aug. 11, 1976.

James M. Morgan, Anchorage, for appellant.

Ivan Lawner and Joseph D. Balfe, Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

17. 364 N.Y.S.2d at 943.

PER CURIAM.

Appellant Robert F. Wolfe was convicted, upon his plea of guilty, of four counts of sale and one count of distribution of marijuana.[1] The superior court imposed a sentence of five years, with two suspended, on each count, to be served concurrently. The court also fined appellant $5,000, suspending payment of $3,000.[2] Wolfe appeals, claiming that his sentence is excessive.[3]

In light of the record in this case,[4] the careful consideration given by the sentencing judge to the appropriate sentencing criteria,[5] and our own past decisions in similar cases,[6] we are unable to say that the superior court was "clearly mistaken." Thus, the judgment must be affirmed.[7]

The sentencing judge stated that he felt that the defendant would not cooperate with any meaningful program of probation, and that probation would serve no useful purpose in the defendant's case. The court found that a suspended imposition of sentence would not serve the goal of rehabilitation, and that such a disposition would probably encourage Wolfe to continue to sell drugs. The court further found that the sales were not isolated transactions, but were part of a pattern of sales for commercial motives, and that Wolfe "was embarked upon a career as a professional seller of marijuana." The court also found no desire on the part of the defendant to discontinue his illegal conduct, only displeasure at being apprehended, and that the defendant had no appreciation of the fact that his conduct was wrong. The court determined that a sentence of imprisonment was necessary to deter Wolfe from engaging in similar conduct in the future, and to deter others with similar inclinations and views concerning the sale of marijuana. All of these findings were supported by the record.

1. AS 17.12.010 provides:
Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.
The statutory definition of "depressant, hallucinogenic or stimulant drug" includes marijuana. AS 17.12.150(3)(A).

2. Each count was punishable, in the case of a first offender such as appellant, "by imprisonment for not more than 25 years, or by a fine of not more than $20,000, or by both." AS 17.12.110(b)(1).

3. AS 12.55.120(a) provides in part:
A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive.

4. In all, appellant sold or distributed approximately ninety pounds of marijuana in the Anchorage area. The marijuana was purchased by appellant in Arizona and transported by him to Alaska for distribution. He made two trips to Arizona. On the first trip he returned with approximately forty pounds. When he lost money because some of his customers failed to pay for the marijuana they received, appellant made a second trip, buying approximately fifty additional pounds. Appellant stated that he planned to make a profit of $2,000 on the second shipment and that the reason he returned to Arizona for more marijuana was because he "didn't want to get into this little adventure losing money."

5. *See State v. Chaney*, 477 P.2d 441 (Alaska 1970). Judge Singleton explained in detail the reasons for his sentence. His remarks, in our opinion, reflect a thorough understanding of the goals of sentencing and provide an excellent example for others engaged in the sentencing process. We take this opportunity to commend Judge Singleton for a job well done.

6. *See, e. g., Daygee v. State*, 514 P.2d 1159 (Alaska 1973); *Nicholas v. State*, 477 P.2d 447 (Alaska 1970).

7. *McClain v. State*, 519 P.2d 811 (Alaska 1974). *See also* Erwin, *Five Years of Sentence Review in Alaska*, 5 UCLA–Alaska L. Rev. 1 (1975).