James E. DAVENPORT, Appellant,

v.

STATE of Alaska, Appellee.

No. 2984.

Supreme Court of Alaska.

May 18, 1977.

Barbara J. Miracle, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty. and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

CONNOR, Justice.

This is a sentence appeal.

In 1974, James E. Davenport was convicted of two counts of robbery in violation of AS 11.15.240. He was sentenced to 10 years imprisonment on each count, to be served consecutively. On appeal, we affirmed his conviction but remanded the case for resentencing. *Davenport v. State*, 543 P.2d 1204 (Alaska 1975).

We remanded the case for resentencing because (1) the trial court impermissibly

attempted to retain jurisdiction to review the sentence more than 60 days beyond the imposition of sentence, (2) in view of Davenport's age, 22 years, we believed that a psychiatric evaluation would be helpful, and (3) we desired that the trial court consider sentences reviewed by us in other serious cases.

At the resentencing, the trial court imposed a sentence of 10 years on each count, with the sentences to be served concurrently, and with a requirement that Davenport serve one-third of that sentence before being eligible for parole. Thereafter, Davenport moved for a reduction of sentence as permitted by Alaska Rule of Criminal Procedure 35(a). We note that at the hearing on that motion Davenport's counsel urged that in resentencing Davenport the court should not have considered his refusal to disclose the identity of the two persons who had participated with him in the robbery for which he was convicted. The motion for reduction was denied. That same point is the major focus of the instant appeal.

The main contention on appeal is that the court, in finding that Davenport was not rehabilitated, relied exclusively on Davenport's non-divulgence of his accomplices in the robbery, and that this error concerning his rehabilitation resulted in imposition of an unfair sentence.

■ However, we find that the trial court relied upon other significant data in arriving at a sentence. The court also considered that the offense was a serious one and was executed in a cold, calculated, planned manner, that the court was not persuaded that Davenport's good prison record necessarily indicated rehabilitation, and that the psychiatric evaluation of Davenport did not indicate a person who was motivated to alter his anti-social attitudes. Moreover, the trial court placed considerable emphasis on the need for isolating Davenport in order to protect society, as well as

the reaffirmation of societal norms. In short, the trial court gave weight to the sentencing objectives of *State v. Chaney*, 477 P.2d 441 (Alaska 1970) and *Nicholas v. State*, 477 P.2d 447 (Alaska 1970).

In refusing to reveal the identity of his accomplices in the robbery, Davenport stated to his probation officer his fear that if he divulged those names he would be killed. The trial court expressed its disbelief in the genuineness of Davenport's claimed fear, commenting:

"The fact that he is afraid of any repercussions because he contends that if he divulges the information about the others, he might suffer serious injury, to me is just a matter wherein he feels that society's position and the well-being of society comes secondary to his own and secondary to what he feels might happen. If in fact this were the situation, he could ask for assistance from society's protectors, law enforcement agencies who would undoubtedly grant it to him. I cannot believe that these—this is the truth."

■ An examination of the record, and a comparison with sentences imposed in similar cases,[1] reveals that a number of factors are present in this case which would warrant a ten-year sentence. Normally, this would result in our simply affirming the sentence. However, we do not know from the record whether, if Davenport had not refused to reveal his accomplices, the trial court's sentence would have been the same.

Accordingly, we are remanding this case to the superior court, to have the sentencing judge consider whether, absent the factor of Davenport's refusal to reveal his accomplices, the sentence would nevertheless have been 10 years. If no different sentence would have been imposed, then it shall be deemed affirmed. If, however, the sentence, absent the mentioned factor, would have been lower, it will then be

1. In *Hixon v. State*, 508 P.2d 526 (Alaska 1973), and *Robinson v. State*, 492 P.2d 106 (Alaska 1971), a sentence of 10 years for robbery of a single victim was affirmed. Davenport was convicted of robbing two victims. In *Hawt-* *horne v. State*, 501 P.2d 155 (Alaska 1972), we remanded such a sentence for psychological evaluation but did not hold it to be excessive. Cf. *Marks v. State*, 557 P.2d 1136 (Alaska 1976).

necessary for us to consider further the question of whether such a consideration is a permissible one in arriving at a sentence. We retain jurisdiction of the appeal but remand for this limited determination by the superior court. When the superior court has indicated its decision on this question we will then be able to proceed further if necessary.