Joshuaway DAVIS, Appellant,

v.

STATE of Alaska, Appellee.

No. 2698.

Supreme Court of Alaska.

July 8, 1977.

Barbara J. Miracle and Phillip Weidner, Asst. Public Defenders, and Brian Shortell, Public Defender, Anchorage, for appellant.

Ivan Lawner, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and ERWIN, Justices.

## OPINION

CONNOR, Justice.

This is an appeal from denial of various motions to reduce a criminal sentence. In January of 1973, Joshuaway Davis was convicted on five counts of selling heroin and one count of possessing heroin. Judge Edmond Burke sentenced him to ten years, the maximum term, on each count, with one of the sentences to run consecutively to the others, and the other five to run concurrently with each other, for a total of 20 years imprisonment. Davis was to be ineligible for parole until he had served five years. All the sentences were made consecutive to two sentences he had not yet finished serving. He appealed on the merits, but did not appeal the sentence. The convictions were affirmed. *Davis v. State*, 525 P.2d 541 (Alaska 1974).

Davis wrote to the public defender, private attorneys, Judge Burke, and Justice Rabinowitz of this court, asserting that his attorneys had not kept in contact with him and that they had not argued on appeal the points he thought were meritorious, including the sentence issues he now raises.

Our mandate was received in the trial court on September 11, 1974. Not until February 10, 1975, did counsel file the first of several formal motions under Criminal Rule 35(a) to reduce the sentence.[1] Judge Burke signed an order deeming one of Davis' letters to Justice Rabinowitz, which did not mention the alleged sentence error, to be a motion under Rule 35(a). We note that Rule 35(a) motions to reduce sentence must be filed within 60 days after the trial court receives the mandate. In that respect the motions of counsel were untimely.[2]

After an extended evidentiary hearing on August 21, 1975, Judge Burke denied the

---

1. Criminal Rule 35(a) provides:
   "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or with-

   in 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief."

2. Some but not all of Davis' points go to the illegality of the sentence. An illegal sentence may be corrected at any time; there is no 60-day limit. Criminal Rule 35(a).

motions. Davis filed a notice of appeal and various motions to reconsider. When Judge Burke denied the motions to reconsider, Davis filed a second notice appealing from that denial.

Davis was convicted of selling heroin to Norman Gee, a police informant, on January 4, 21, and 25, and March 15 and 22, 1972, and with possessing heroin in his home on March 24, 1972. On the latter date, police with a warrant searched his home and discovered, among other things, numerous balloons and gelatin capsules, and two canisters of milk sugar, all of which are used in the distribution of heroin. Laboratory analysis revealed that numerous items seized contained heroin, and that the substances which Davis sold to Gee had a heroin content varying from 2.5 to 35 percent.

An earlier conviction for burglary not in a dwelling and grand larceny, arising out of the theft of a safe from a tavern, was reversed by the United States Supreme Court after he was sentenced for the instant offense. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).[3] Judge Burke modified the sentence in the instant case to delete the requirement that it run consecutive to the sentence for the conviction reversed by the Supreme Court, but he refused to reduce the instant sentence on account of this reversal.

Davis raises several points on appeal: (1) that the sentence is excessive; (2) that the consecutive sentences violate AS 11.05.050, the rule of *State v. Pete*, 420 P.2d 338 (Alaska 1966), the constitutional prohibition against cruel and unusual punishment, the double jeopardy clause, and the ABA Criminal Justice Standards; and (3) that the minimum service of five years before parole violates AS 33.15.230(a).

The state, in responding, raises two additional issues: that the appeal on the ground

of excessiveness is untimely; and that Criminal Rule 35(a) is unconstitutional because it augments the jurisdiction of the courts, which under the state constitution is a matter for the legislature.

Davis' first point on appeal is that the sentence is excessive. We must consider the state's response that the claim of excessiveness is untimely and that we do not have jurisdiction.

■ Appellate Rule 21(b) provides that an appeal on the ground of excessiveness must be filed "not later than 30 days after sentence was imposed." In *State v. Trunnel*, 549 P.2d 550 (Alaska 1976), we held that the granting of a Rule 35(a) motion to reduce sentence is the "imposition" of a new sentence, from which a Rule 21 sentence appeal, at least by the state, lies. The reasoning in *Trunnel*, however, supports the conclusion that a sentence is not "imposed" when, as here, a motion to reduce it is denied. Davis could have raised the identical point in 1973 at the time he appealed from the judgment of conviction.[4]

On the other hand, Davis points out that at a Rule 35(a) hearing a defendant may present newly-discovered evidence or evidence of changed circumstances since the original sentencing. The effect of this evidence could not have been reviewed on an appeal from the original sentence. But Davis does not present a persuasive case for taking these factors into account. The only new matter asserted at his Rule 35(a) hearing concerned Davis' claimed drug addiction. In connection with his original sentencing Davis had told the probation officer that he was not a narcotics addict. Judge Burke considered that an important factor in determining sentence. At the hearing on the instant motions Davis testified that he was in fact a drug addict, that he had lied about it to save face, and that he had been

**3.** Davis was on bail pending appeal of this conviction when he committed the instant offenses.

**4.** This case is therefore different from *Gilligan v. State*, 560 P.2d 17, 18–19 (Alaska 1977), in which we held that a sentence was "imposed" for purposes of Rule 21(b), when a defendant is

returned to prison for violating the terms of his probation. Gilligan had no opportunity to appeal his confinement for the probation violation until it actually occurred; on the other hand, denial of Davis' motion left him subject to the identical sentence which had been initially imposed when he was convicted.

introduced to narcotics by Norman Gee, who later became a police informant and was the principal prosecution witness against Davis. In rebuttal, the police officer who arrested Davis testified that he did not recall seeing needle marks on Davis' arms at that time, and that he probably would have noticed them if they had been there. At his Rule 35(a) hearing Davis also presented evidence of having been rehabilitated since his original sentencing.

■ We do not believe that the factors urged by Davis in support of his Rule 35(a) motions warranted relief. As to his claimed drug addiction, Davis' evidence can be considered newly discovered only by concluding that he lied at the time of original sentencing. Like the trial court, we are of the opinion that this did not establish grounds for altering the sentence.

■ As to the claim of rehabilitation since the original sentence, we find no abuse of discretion in the trial court's resolution of this question. In considering whether to reduce a sentence under Rule 35(a), it is our view that a trial court may consider whether and to what extent a defendant has rehabilitated himself since the original sentence was imposed. But whether to grant a reduction on that ground is committed to the sound discretion of the trial court. We will reverse the court only for an abuse of that discretion.

In this connection the trial court may consider, as it apparently did here, that evidence of rehabilitation does not overcome the other factors entering into the original sentence, and that the question of rehabilitation is largely one to be determined by the parole authorities. In short, in instances such as these a court may decide to reduce a sentence, but rarely will it

be held an abuse of discretion to deny such a motion. *See also Davenport v. State*, 564 P.2d 69 (Alaska 1977), in which we approved a trial court's conclusion that a record of good conduct in prison is not necessarily evidence of rehabilitation.

■ Having determined that Davis was properly denied relief under Rule 35(a), we now consider the timeliness of his claim that his sentence was excessive. We have noted earlier in this opinion that no sentence appeal was taken in 1973 when Davis appealed from his conviction, and that a denial of a Rule 35(a) motion is not tantamount to an "imposition" of sentence for purposes of sentence appeal. It follows that Davis' appeal on the ground that his sentence is excessive is untimely. We will not, therefore, consider in this appeal whether Davis' sentence was excessive.[5]

The state's contention that Rule 35(a) is unconstitutional has been rejected by our opinion in *Thomas v. State*, 566 P.2d 630, Opin. No. 1445 (Alaska 1977).

■ Davis next contends that the imposition of consecutive sentences in this case is contrary to our decisions in *Faulkner v. State*, 445 P.2d 815 (Alaska 1968), and *State v. Pete*, 420 P.2d 338 (Alaska 1966). Twice recently we have considered the validity of consecutive sentences in light of *Faulkner* and *Pete*, and in both instances have held that those two decisions do not constitute a bar to consecutive sentencing. *Thomas v. State*, 566 P.2d 630, Opin. No. 1445 (Alaska 1977); *Mutschler v. State*, 560 P.2d 377 (Alaska 1977). For the reasons stated in *Thomas* and *Mutschler*, we resolve this assertion of error against Davis.

■ Our opinion in *Thomas* is also dispositive of Davis' claim that consecutive sen-

5. Davis apparently believed that in connection with his original appeal the question of excessiveness of his sentence was being asserted. Upon learning that this was not the case he sought private counsel to sue the Public Defender Agency. Ineffective assistance of counsel is not, however, among the points on this appeal. Nor is there a claim of excusable neglect. We do not have a complete record of the communications between Davis, the Public De-

fender Agency, and Davis' private attorney. We find no indication of why a sentence appeal was not filed in 1973. The record is inadequate to resolve such questions.

It is possible that Davis could seek relief either from the superior court under Crim.R. 35(b) and 39(b)(2), or from us by a motion for permission to file a late sentence appeal. We do not, however, mean to indicate our views on the merits of such possible claims.

tences constitute cruel and unusual punishment forbidden by the state and federal constitutions. In *Thomas,* we cited *Green v. State,* 390 P.2d 433, 435 (Alaska 1964), in which we held that a sentence may violate this clause due to its excessiveness only if it is "completely arbitrary and shocking to the sense of justice." Applying that standard, we conclude that Davis was not subjected to unconstitutional cruel and unusual punishment.

██ Nor was he placed twice in jeopardy for the same offense, in violation of the state and federal constitutions. Davis was convicted of five separate sales of heroin over a three-month period, each of which took place on a different day, and of possessing heroin in his home on a sixth occasion, two days after the last of the sales. As in *Thomas v. State, supra,* and in *Davenport v. State,* 543 P.2d 1204 (Alaska 1975), we hold that consecutive sentences for separate offenses do not violate the constitutional prohibition against double jeopardy.

██ Davis also contends that we should vacate the imposition of consecutive sentences because it is contrary to section 3.4(b) of the American Bar Association's Criminal Justice Standards on Sentencing Alternatives and Procedures.[6] We cited that standard with approval in *Cleary v. State,* 548 P.2d 952, 956 (Alaska 1976), but in *Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977), we stressed that the ABA Standards are not a code which we are bound to follow in all circumstances.

In any event, we are satisfied that this case presents one of the small number of occasions in which consecutive sentences would be justifiable under the ABA Standards. Our habitual criminal statute, AS 12.55.050, which we recently interpreted in *State v. Carlson,* 560 P.2d 26 (Alaska 1977), would permit imposition of a sentence from 20 years to life for the instant offenses. The minimum term of five years prior to parole eligibility is within the guidelines recommended by the Standards. Judge Burke had the benefit of a presentence report and a psychiatric report. He concluded that such a lengthy term of confinement was necessary to protect society from further criminal conduct by the defendant. The judge took note of Davis' lengthy criminal record, including three previous felony convictions (not including those reversed on appeal). Davis committed the instant offenses while on bail pending appeal of an earlier conviction.

██ We conclude that the imposition of consecutive sentences upon Davis was amply justified even under the stringent restrictions which the ABA Standards would impose on the use of such sentences.

██ Finally, Judge Burke specified that Davis must serve five years in prison before becoming eligible for parole. At the time of sentencing, AS 33.15.230(a)(1) provided

---

**6.** This standard reads as follows:

"(b) Consecutive sentences are rarely appropriate. Authority to impose a consecutive sentence should be circumscribed by the following statutory limitations:

(i) The aggregate maximum of consecutive terms should not be permitted to exceed the term authorized for an habitual offender (section 3.3) for the most serious of the offenses involved. If there is no provision for an habitual offender for the offenses involved, there should be a ceiling on the aggregate of consecutive terms which is related to the severity of the offenses involved; and

(ii) The aggregate minimum of consecutive terms should be governed by the limitations stated in section 3.2; and

(iii) The court should not be authorized to impose a consecutive sentence until a presentence report (sections 4.1–4.5), supplemented by a report of the examination of the defendant's mental, emotional and physical condition (section 4.6), has been obtained and considered; and

(iv) Imposition of a consecutive sentence should require the affirmative action of the sentencing court. The court should be authorized to impose a consecutive sentence only after a finding that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant. These limitations should also apply to any sentence for an offense committed prior to the imposition of sentence for another offense, whether the previous sentence for the other offense has been served or remains to be served."

that such a minimum imposed by the judge shall not exceed one-third of the maximum sentence he imposes. Davis asserts that this statute limits the minimum term to one-third of ten years, or 3 years and 4 months, since each of the individual terms to which Davis was sentenced was ten years. The state claims that this means one-third of the total of 20 years, in which case Judge Burke's 5-year minimum was permissible.

Once again, our recent opinion in *Thomas v. State, supra,* is dispositive of this contention. In that case, we adopted the construction of AS 33.15.230(a) which the state offers here.

AFFIRMED.

BURKE, J., not participating.