**Richard BRANDON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3370.

Supreme Court of Alaska.

Aug. 4, 1978.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Local Boundary Commission, 518 P.2d 92, 98 (Alaska 1974).

David Shimek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

Appellant Richard Brandon appeals to this court for relief following a lower court denial of his motion for sentence modification.

On October 6, 1975, Brandon was charged with obtaining money by false pretenses [1] after he allegedly passed a fraudulent check in exchange for merchandise at an Anchorage department store. After accepting Brandon's plea of guilty to the charge, the court below suspended imposition of sentence and placed him on probation for three years.

During the following six months appellant held various jobs but either quit or was fired after a few weeks on each job. Then, in the early part of May, 1976, Brandon learned that his girlfriend had been dating another man. He became enraged and struck the girl repeatedly, forcing her to reveal the location of the other man's residence. He then drove to that location and, after gaining entry into the house, attacked the man with a tire iron.

Shortly thereafter Brandon fled the state. He returned, however, around June 21, 1976, and turned himself in to the police.

He was then arrested and charged with assault and battery,[2] assault with a dangerous weapon,[3] and burglary[4] in connection with the incident that had occurred in early May. His parents subsequently posted bail and appellant was released from custody pending trial on those charges. While on bail, Brandon, together with two other individuals, broke into a sporting goods store one night and, after killing two guard dogs on the premises, stole approximately $6,000.00 in merchandise. When one of his accomplices later informed police of Brandon's involvement in the crime, appellant was rearrested and charged with burglary not in a dwelling[5] and larceny.[6]

Brandon eventually pled guilty to all the charges against him. In addition, his probation was revoked. Prior to sentencing he was examined by two psychiatrists and a detailed presentence report was prepared. Both psychiatrists indicated that Brandon was in need of psychological counselling. This information was presented to the court at a hearing held on February 1, 1976. Although Brandon faced a possible total sentence of over 50 years,[7] at the conclusion of the hearing he was sentenced to a total of five years and three months imprisonment for his criminal activity.

Appellant thereafter moved for a reduction of sentence in accordance with Alaska R.Crim.P. 35. On March 25, 1977, a hearing was held on the motion. During the course of the hearing Brandon introduced the testimony of a counselor who had worked with him at the Eagle River Correctional Center. The counselor indicated his belief that

1. AS 11.20.360.

2. AS 11.15.230.

3. AS 11.15.220.

4. AS 11.20.080.

5. AS 11.20.100.

6. AS 11.20.140.

7. The following list indicates the maximum possible punishment for each crime charged against Brandon:

| | | |
|---|---|---|
| AS 11.20.360 | Obtaining money or property by false pretenses | 5 years |
| AS 11.15.230 | Assault and assault and battery | 6 months |
| AS 11.15.220 | Assault with a dangerous weapon | 10 years |
| AS 11.20.080 | Burglary in dwelling house | 20 years |
| AS 11.20.100 | Burglary not in dwelling house | 5 years |
| AS 11.20.140 | Larceny of money or property | 10 years |

Brandon needed psychological counselling of a type which was not readily available at the state correctional institution in Juneau. He further testified that such counselling was available at the Eagle River Correctional Center or at Future House,[8] a residential therapeutic community, and that in his opinion Brandon's sentence should be modified to allow him to be treated at either of these facilities. He went on to state that prisoners with more than two years to serve are not considered eligible for detention at the Eagle River institution under the classification system employed by the Department of Corrections.

Finally, Brandon testified that he felt he had benefited from his past treatment at both Future House and the Eagle River Center. He stated that his primary reason for requesting a sentence modification was to secure a continuation of this treatment rather than to reduce the length of time of his incarceration.

On this basis Brandon's attorney asked the court to suspend appellant's sentence and order him placed in Future House. Alternatively, he requested the court to suspend three years of the five year sentence and declare Brandon ineligible for parole. This, he argued, would permit Brandon to be classified to the Eagle River institution and would result in a total period of incarceration roughly equal to that expected for the five year term, assuming Brandon's good behavior and early parole.

At the conclusion of the hearing the court denied appellant's motion, stating in part:

> Sure this man needs guidance. There's no doubt about it. At the time I sentenced him, I ordered continuing psychiatric treatment. . . . I am concerned about young people being incarcerated, but I am convinced in my own mind that this man is in fact a dangerous offender, not only potentially but actually. . . . I do not think it would be of any benefit to society to modify his sentence. It might be of benefit to the defendant, but I doubt it. And I feel that we must maintain the societal norms which absolutely state that this type of conduct should not occur.

On appeal Brandon renews his arguments, claiming that it was an abuse of discretion[9] for the trial court to deny his motion and thereby deprive him of the psychological counselling available at Future House or Eagle River. He contends that in light of the unanimous recommendations that he receive such counselling and the apparent lack of adequate counselling at the Juneau facility, his sentence nullifies the rehabilitative goals of the criminal justice system, arguing:

> If courts sentence a defendant to a term of years regardless of the rehabilitative consequences, in the correctional system, then the 'rehabilitation' goal mentioned in *Chaney* [477 P.2d 441 (Alaska 1970)], requires only verbal formulation, not genuine consideration.

We hold that there was no abuse of discretion in this case. While this court has repeatedly recognized that rehabilitation of the offender is an important goal of sentencing, the consideration of which is made mandatory by art. I, sec. 12 of the Constitution of Alaska,[10] we have also stated that

> [d]etermination of an appropriate sentence involves the judicious balancing of many and ofttimes competing factors . . . [of which] primacy cannot be ascribed to any particular factor.

---

8. An affidavit submitted to the court by Robert Keith, a counselor at Future House, indicated that in his opinion Brandon was "highly motivated" to become a member of the Future House program and to thereby achieve his rehabilitation.

9. *Davis v. State*, 566 P.2d 640, 643 (Alaska 1977).

10. That section states in part:

> Penal administration shall be based on the principle of reformation and upon the need for protecting the public.

See, e. g., *Bragg v. State*, 560 P.2d 391, 392 (Alaska 1977); *Cleary v. State*, 548 P.2d 952, 953 (Alaska 1976); *Perrin v. State*, 543 P.2d 413, 414 (Alaska 1975); *Mattern v. State*, 500 P.2d 228, 235 (Alaska 1972); *Galaktionoff v. State*, 486 P.2d 919, 922 (Alaska 1971); *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

*Faulkner v. State*, 445 P.2d 815, 823 (Alaska 1968), quoted in *State v. Chaney, supra* at 444. Other important goals of sentencing to be considered are

> [i]solation of the offender from society to prevent criminal conduct . . . [future] deterrence of the offender himself · . . . deterrence of other members of the community . . . and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

477 P.2d at 444 [footnote omitted]. We are satisfied that the sentencing judge conscientiously considered each of the foregoing goals and carefully weighed the alternatives available to him in passing on the motion for modification of sentence.[11] Given the number and severity of the crimes for which Brandon was sentenced, we are unable to say that there was any abuse of the court's discretion.

AFFIRMED.

---

11. We feel it is important to note that one of the defense witnesses, a counselor at the Eagle River Correctional Center, testified that some psychological counselling is in fact available at the prison in Juneau. Although the counselling facilities at Eagle River appear to be superior to those at Juneau, the point is that appellant will have an opportunity to receive the recommended type of treatment if he should desire it. Were this not so, our decision in this case might be different.