Carl Allen **SANDERS**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 4190.

Supreme Court of Alaska.

Nov. 30, 1979.

---

4. $1,000 in compensatory damages and $5 in exemplary damages.

Albert C. Simmons, Farleigh, Waldock & Simmons, Anchorage, for appellant.

Stephen E. Branchflower, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

In practical effect this is a sentence appeal, although appellant purports to raise certain constitutional questions.

Appellant was indicted for the sale of marijuana to an undercover agent at the Anchorage International Airport on October 25, 1977. The amount sold was between 10 and 14 pounds. Appellant pleaded nolo contendere to this offense. The superior court imposed a sentence of seven years, with two years suspended.

After his arrest on the above offense, appellant was arrested for another large sale of marijuana which took place on November 2, 1977. A subsequent search of appellant's residence revealed a large-scale operation for the production of marijuana and hashish oil. Charges emanating from these two incidents were dropped as part of the agreement whereby appellant pled nolo contendere to the earlier sale.

Appellant contends that his sentence is excessive, pointing to what we said in

*Waters v. State*, 483 P.2d 199, 201 (Alaska 1971):

> The President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 513 (Avon 1968) recommends that judges take account of four groups of drug offenders whose crimes are in descending order of seriousness.
>
> 1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.
> 2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.
> 3. Possession of narcotics without intent to sell.
> 4. Marijuana offenses.

In our view this is an exceptional case in which a total sentence of more than five years was warranted.[1] The sentencing court had before it an offender who committed a second serious offense within days of his apprehension on the first offense. It appears that appellant was the operator of a large business for the production and distribution of cannabis products.[2] Additionally, appellant had a previous conviction in Washington for possession of marijuana with intent to sell. In our opinion the sentence was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Appellant argues that the sentence imposed upon him constitutes cruel and unusual punishment and is, therefore, violative of the state and federal constitutions. We find this argument to be without merit. *See Belgarde v. State*, 543 P.2d 206 (Alaska 1975).

AFFIRMED.

RABINOWITZ, C. J., not participating.

---

1. In *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), we cited with approval the recommendation of the American Bar Association that except for particularly serious offenses, dangerous offenders, and professional criminals, maximum prison terms ought not to exceed five years.

2. While our decision in *Tommy v. State*, 551 P.2d 179, 179 n.1 (Alaska 1976), prohibits the sentencing judge from considering counts which have been dismissed as the result of a plea bargain, the court was nevertheless entitled to rely on all facts presented to it by sworn testimony and subject to cross examination by appellant. *Szeratics v. State*, 572 P.2d 63, 65–66 (Alaska 1977).