**Charles COSSEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4646.**

Supreme Court of Alaska.

May 9, 1980.

William P. Bryson, Drathman, Weidner & Bryson, Anchorage, for appellant.

Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Charles Cossey appeals the denial of a motion to reduce sentence brought pursuant to Alaska Rule of Criminal Procedure 35(a). The question is whether or not the superior court abused its discretion in denying the motion. *See Brandon v. State*, 581 P.2d 1116, 1118 (Alaska 1978). We hold it did not. *See Davis v. State*, 566 P.2d 640, 643 (Alaska 1977).

AFFIRMED.

RABINOWITZ, Chief Justice, dissenting.

In my opinion the superior court abused its discretion in not granting Cossey's motion to reconsider the denial of the motion to reduce sentence.

The motion to reconsider was aimed at the superior court's determination that there had been no substantial change in the circumstances or attitude of Cossey that warranted modification of his sentence under Criminal Rule 35(a). Cossey appeared as the sole witness in his own behalf at the

---

hearing on the initial motion to reduce the sentence, and the documents supporting the motion to reconsider emphasized the differences between Cossey's inability to articulate his attitudes in a courtroom setting as contrasted to his ability to communicate with his counsel in private, as well as the opinion of Cossey held by other individuals who have knowledge of his changed circumstances. Counsel for Cossey averred that he was prepared to submit additional affidavits, letters, and testimony "to demonstrate that the impressions gathered from defendant's statements alone are not truly indicative of his current potential and sentencing stature."

The record of the hearing contains considerable evidence of a change in circumstances and attitude by Cossey since his release on bail pending appeal which could justify a reduction in sentence. He had enrolled in community college courses and received work-study grants from the college, although he satisfactorily completed only a welding course. He had obtained part-time employment, in contrast to a history of non-employment prior to his conviction for possession of heroin. No evidence of any continued association with the drug community by Cossey was presented at the hearing, in contrast to the information contained in the pre-sentencing reports. The determination of the superior court thus seems to be based in part on disbelief in the sincerity of Cossey regarding the steps he had taken to change his lifestyle and his claims of reforming his attitude. Given the claim that Cossey had difficulty communicating effectively in a courtroom situation, I believe the court therefore abused its discretion in not permitting counsel for Cossey to corroborate Cossey's testimony and further elaborate on the change in his circumstances through additional evidence.