Michael ANDERSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 5160.

Supreme Court of Alaska.

Jan. 16, 1981.

**1346**

Steven G. Marks, Asst. Public Defender, Juneau, Brian Shortell, Public Defender, Anchorage, for appellant.

Richard Svobodny, Asst. Dist. Atty., Patrick Gullufsen, Dist. Atty. and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

1.  AS 17.12.010.

2.  Sentence is not imposed, strictly speaking, when the provisions of AS 12.55.086 are applied. Nevertheless, we believe the appeal in this case is authorized by Appellate Rule 21. See Wharton v. State, 590 P.2d 427 (Alaska 1979).

3.  The guidelines were drawn up by a Sentencing Guidelines Committee organized in 1979 by this court as an aid to bringing consistency to sentencing decisions. The guidelines reflect the actual sentencing practices of superior court judges statewide over a three year period. As such, they are barometers of the collective

## OPINION

**PER CURIAM.**

Michael Anderson was arrested on the premises of a high school in Sitka, after he was observed attempting to sell marijuana to a student. At the time of his arrest he was carrying seven ounces of marijuana. Anderson pled guilty to one count of possession of marijuana for purpose of sale[1] and a second charge, attempted sale of marijuana to a minor, was dismissed. The superior court suspended the imposition of sentence, pursuant to AS 12.55.085(a), and placed Anderson on probation for a period of two years. One of the conditions of his probation required Anderson to serve 120 days of incarceration. See AS 12.55.086(a). In this appeal he challenges that requirement.[2]

■ Recently developed sentencing guidelines[3] suggest a sentence of no more than thirty days for a marijuana sale involving this quantity of the drug, for a first-time felony offender. Anderson argues that in light of the guidelines the requirement that he serve a four month term amounts to an excessive sentence. In our opinion, the superior court's departure from the sentencing guidelines was not without reason and did not result in an excessive sentence.

■ The sale of drugs on school premises is particularly objectionable.[4] Within the category of marijuana offenses, Anderson's crime was, therefore, especially serious, even though the quantity involved was not

judgment of the judiciary, which are useful for the purpose of comparison. See Burleson v. State, 543 P.2d 1195, 1202 (Alaska 1975); Salazar v. State, 562 P.2d 694, 696 (Alaska 1977); Davenport v. State, 564 P.2d 69 (Alaska 1977). The selection of an appropriate sentence, however, remains an individualized determination which must be reflective of the particular facts of a given case. See Perrin v. State, 543 P.2d 413, 416 (Alaska 1975); Ames v. State, 533 P.2d 246, 250 (Alaska 1975).

4.  Anderson admitted making six sales at the school on the day he was arrested.

unusually large. The court's sentence adequately takes into account and provides for reformative efforts. A jail term, even though this is Anderson's first felony offense, is appropriate to deter Anderson and others like him from carrying the illicit traffic in drugs into the schoolyard. In short, the sentence is not clearly mistaken. *See McClain v. State*, 519 P.2d 811 (Alaska 1974).

The sentence is AFFIRMED.