Timothy HAWLEY, Appellant,

v.

STATE of Alaska, Appellee.

No. 5608.

Court of Appeals of Alaska.

Aug. 6, 1982.

Vincent Vitale, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., SINGLETON, J., and COOKE, Superior Court Judge.*

OPINION

SINGLETON, Judge.

Timothy Hawley was convicted in 1978 of the sale of one ounce of cocaine and the attempted sale of five more ounces. The supreme court affirmed his conviction and concurrent sentences of six years for sale, and two and one-half years for attempted sale in *Hawley v. State*, 614 P.2d 1349 (Alaska 1980). Hawley subsequently brought a motion under Alaska Criminal Rule 35(a) to modify or reduce his sentence. The motion was denied, and Hawley appeals that decision.

In reviewing a decision from an order denying a Rule 35(a) motion to reduce a lawful sentence, our scope of review is limited to determining whether the superior court abused its discretion. *Brandon v. State*, 581 P.2d 1116, 1118 (Alaska 1978); *Davis v. State*, 566 P.2d 640, 643 (Alaska 1977).

Having reviewed the record, we conclude that the trial court did not abuse its discretion in denying Hawley's motion to reduce his sentence.

The state secured an indictment that charged Hawley with receiving and concealing stolen property. He was also charged with separate felony sales of hashish and amphetamines. He pled to the first charge and the drug counts were dismissed.[1] At that time Hawley, who was twenty-years old, was earning approximately $9.00 per hour for a forty-hour week through employ-

---

* Cooke, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. At the hearing on his motion for reduction of sentence Hawley conceded that he had committed the crimes charged in the dismissed counts.

ment as an electrician for his brother. He was not a member of the Electricians Union and was not sufficiently experienced to qualify as a journeyman electrician. Nevertheless, he was highly skilled at wiring houses.

On August 20, 1976, Judge Kalamarides sentenced Hawley to a suspended imposition of sentence, assessed a $200 fine and required $100 restitution. On September 6, 1977, Hawley was given a ten-day sentence for a probation violation, and was released on September 15, 1977. On September 28, 1977, he was arrested for the offenses currently under consideration.

Hawley was sentenced on July 13, 1978. In sentencing Hawley to concurrent terms of six years and two and one-half years, Judge Moody stressed individual deterrence, isolation to prevent further criminal conduct, deterrence of others, and by implication, affirmation of community norms. Judge Moody discounted rehabilitation because he recognized Hawley would have to change his attitude, and had failed to do so despite lenient treatment by Judge Kalamarides. Nothing in Judge Moody's initial sentencing remarks supports an inference that he considered Hawley's crime motivated by a treatable mental or emotional illness, alcohol, or drug dependency, or that he concluded that the crimes were the result of economic need or job frustrations.

Hawley appealed his conviction and sentence. Thereafter, on September 7, 1978, Hawley appeared before Judge Kalamarides for sentencing on his probation violation. He was given a sentence of one year to serve. Judge Kalamarides stressed individual and societal deterrence and community condemnation. He specifically stated that the one year was in addition to and separate from the earlier sentence imposed by Judge Moody for the crimes under consideration here.

Hawley served his sentence at Eagle River. While in prison Hawley completed his GED and three college-level courses. He participated actively in group discussions and counseling sessions. An initial psychological test indicated he was fairly rigid and

impulsive, however, a test administered shortly before his release showed him as "amazingly self-disciplined."

Following his release from Eagle River, Hawley received permission to move to Oklahoma although his appeal in this case was pending. He stayed with his older sister and her family, worked fairly steadily as an electrician, completed a course in electronics, and became engaged to be married. Hawley has not served any part of the sentence imposed in this case.

Hawley's counselor at Eagle River and a correctional officer who had supervised Hawley wrote the court that Hawley would pose no threat to the community if released. At the modification hearing, testimony by four counselors who had worked with Hawley at Eagle River confirmed that he had matured, that he presented an "extremely low risk" of further criminal conduct, and that further incarceration would provide no rehabilitative benefit to him.

After hearing the above evidence, Judge Moody denied Hawley's motion to reduce his sentence. The trial court concluded that Hawley's crime was a case of pure greediness, of pure profit oriented drug dealing, and that having been found guilty, Hawley "has to pay his dues."

Judge Moody emphasized that Hawley's problem had always been one of attitude and greed, not illness, need, or disability. He refused to accept Hawley's claims of reform, noting that Hawley had made the same claims to Judge Kalamarides at earlier hearings, despite the fact that Hawley was regularly engaged in the sale of illicit drugs at the times of those hearings.

Hawley is currently engaged to marry, but he was involved in an apparently stable though nonmarital relationship with another women at the time of his original offense. He is regularly employed as an electrician, but he was establishing himself in that trade at the time he committed his original crimes. Finally, while the social workers and correctional personnel who testified at the Criminal Rule 35 hearing stressed that Hawley had overcome his im-

pulsiveness and matured substantially during his one-year period of incarceration, the record reflects that upon moving to Oklahoma Hawley took a job with Brown & Root, Inc. doing electrical work in a plant. He was fired for "excessive absenteeism." When questioned about this, he initially blamed his tardiness on his brother-in-law with whom he was living, a fellow employee at the plant. When pressed, he conceded that he arrived in plenty of time at the plant but intentionally delayed reporting for work in order to be fired. He explained that he disliked the work, which was not sufficiently challenging. He believed that if he quit his severance pay would have been delayed, but that an employee who was fired was immediately remunerated. Consequently, he manipulated his employer to fire him. In light of these facts, the trial court could have concluded that the testimony that Hawley's impulsiveness had been substantially eliminated was overly optimistic.

Hawley's crime was not a spur of the moment venture into criminality. The record amply supports the trial court's determination that Hawley, despite his youth, was a sophisticated drug dealer whose use of go-betweens and other precautions showed planning and preparation. There is no suggestion in the record that Hawley ever suffered from a treatable mental or emotional disease or that any of his crimes resulted from drug or alcohol dependency or economic need. Under these circumstances the trial court did not err in considering finality of sentencing more important than alleged changed circumstances. *See United States v. Jones,* 444 F.2d 89, 90 (2nd Cir. 1971). In addition, we do not believe that the court erred in assigning more weight to deterrence of others and affirmation of community norms than to Hawley's "changed attitude," to the extent that such changed attitude was reflected in his avoiding participation in criminal activity, pursuing his career as an electrician, and contemplating marriage. *See Brandon v. State,* 581 P.2d 1116, 1118–19 (Alaska 1978); *Davis v. State,* 566 P.2d 640, 643 (Alaska 1977); *cf. Davenport v. State,* 564 P.2d 69, 70 (Alaska 1977) (case remanded to determine whether the trial court considered the defendant's refusal to divulge the identity of robbery accomplices as an aggravating factor which served to increase the length of the sentence imposed).

██ We find Hawley's other points equally without merit. The court did not err in failing to reduce Hawley's sentence to make him eligible for incarceration at the Eagle River Correctional Institution. Current Division of Corrections regulations preclude assigning anyone to Eagle River whose sentence exceeds three years. A sentence of less than three years is generally preferable for immature first offenders, or others whose sentence of incarceration is primarily imposed to enable them to participate in rehabilitative programs such as those aimed at correcting alcohol or drug abuse. Such a sentence under current Division of Corrections guidelines permits incarceration at minimum security correctional facilities geared to providing primarily rehabilitative services. *See Kanipe v. State,* 620 P.2d 678, 680 n.7 (Alaska 1980); *Ahvik v. State,* 613 P.2d 1252, 1254 (Alaska 1980). Hawley's sentence was imposed primarily for purposes of deterrence and affirmation of community norms. It does not appear that he needs rehabilitative services to remedy drug or alcohol dependency or cope with mental or emotional disability. There is no indication that he needs job training. Sentences longer than three years are appropriate for drug dealers who continue to sell drugs while on bail or probation. *Compare Hawley v. State,* 614 P.2d 1349, 1362 (Alaska 1980) (sentence of six years not clearly mistaken) *with Kelly v. State,* 622 P.2d 432, 439–40 (Alaska 1981) (sentence of ten years, with five years suspended, clearly mistaken), *Strachan v. State,* 615 P.2d 611, 614 (Alaska 1980) (sentence of seven years excessive) *and Sanders v. State,* 602 P.2d 1252, 1253 (Alaska 1979) (sentences exceeding five years warranted only in exceptional cases).

██ Finally, Hawley is not entitled as a matter of right to credit for time served on

the sentence imposed by Judge Kalamarides against the sentence imposed in the instant case. Hawley had already been convicted and sentenced for the crimes under consideration here at the time of his disposition hearing following the revocation of his probation on the earlier offence. Judge Kalamarides sentenced Hawley for receiving and concealing stolen property and for failing to abide by reasonable conditions of probation in connection with his earlier suspended imposition of sentence for that crime. Judge Kalamarides made it clear that that sentence was separate and in addition to the sentence that had already been imposed upon Hawley by Judge Moody and which was then pending on appeal. *See Schwing v. State*, 633 P.2d 311, 313 (Alaska App.1981).

■ Nevertheless, we believe Hawley's request that the trial court consider the time he previously spent in prison should have been considered as a request for discretionary relief under Criminal Rule 35(a). While the trial court was not obligated to provide credit for this period of incarceration, it clearly had discretion to do so. The trial court apparently misunderstood Hawley's request. We therefore remand to the trial court to consider whether Hawley's sentence should be reduced as a matter of discretion under Rule 35(a) because of the time Hawley spent in prison. No further hearings need by held nor arguments heard unless the trial court elects to schedule them. The trial court should issue a supplemental order granting or denying relief.

The judgment of the superior court is AFFIRMED and the case is REMANDED for further consideration of Hawley's request for a partial reduction of sentence to reflect the time previously spent in prison.

COATS, J., not participating.