James G. POGGAS, Appellant,

v.

STATE of Alaska, Appellee.

Douglas WINFIELD, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 6762, 7101.

Court of Appeals of Alaska.

Feb. 25, 1983.

James C. Merbs, Anchorage, for appellant Poggas.

Rich Zahniser, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant Winfield.

John A. Scukanec, Asst. Atty. Gen., Gail Voightlander, Asst. Dist. Atty., Anchorage, Victor C. Krumm, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

James Poggas was convicted of five counts of selling marijuana under former AS 17.12.010. He was sentenced to five concurrent three-year sentences by Judge Justin Ripley. Poggas appealed his convictions and sentences to this court. We have affirmed Poggas' convictions in an unpublished opinion. *Poggas v. State,* MO & J No. 300 (Alaska App. February 25, 1983). Since Poggas' sentence appeal raised issues similar to the issues raised in the sentence appeal filed by Douglas Winfield, we have combined these two sentence appeals for consideration.

Poggas was convicted of selling two ounces of marijuana for $130 on July 16, 1981, one pound for $600 on August 27, 1981, two pounds for $1,200 on August 28, 1981, one-half pound for $350 on September 10, 1981 and two pounds for $1,400 on September 18, 1981. All the sales were to the same undercover police officer. Poggas is fifty-five years old. He has some previous criminal convictions. In 1953 he was convicted of robbery and assault with a dangerous weapon and was sentenced to serve three years in jail. In 1962 he paid a fine for breach of the peace. In 1966 he paid a small fine for a traffic offense. These convictions are entitled to little weight because of their remoteness in time or their non-serious nature.

Douglas Winfield was convicted, based upon his plea of *nolo contendere,* of sale of marijuana and possession of marijuana for the purpose of sale. Former AS 17.12.010. Judge Victor Carlson sentenced Winfield to

four years with two years suspended. Winfield appeals this sentence, arguing that it is excessive.

At the time of this offense, Winfield was twenty-five years old. His only prior convictions were for trespass and petty theft, for which he received minimal sentences. The current sale of marijuana offense involved a sale of six pounds of marijuana for the sum of $3,000 to an undercover police officer. The marijuana was packaged in one-quarter pound bags. More marijuana was seized from Winfield's residence pursuant to a search warrant, and this marijuana was the basis of the possession for the purpose of sale charge. At sentencing, the court also had before it evidence that approximately one week before the instant offense, Winfield had been caught with a package that contained marijuana in sealed fruit cans. The cans apparently came from Hawaii. Winfield tried to run away from an officer who questioned him about the package. Winfield was released on $5,000 bail on charges of possession of marijuana and escape in the fourth degree in connection with this incident. These charges were dismissed by the prosecution. The trial court found that Winfield came to Alaska from Hawaii for the purpose of selling marijuana.

In deciding whether the sentences imposed on Poggas and Winfield are excessive, we have considered the recent cases from the supreme court involving sale of marijuana. In *Snyder v. State*, 622 P.2d 432 (Alaska 1981), Snyder, who was twenty-five years old and had no significant prior record, was sentenced to five years for possession of marijuana for sale under former AS 17.12.010. The evidence showed that Snyder was engaged in a major commercial transaction involving an investment of $22,000, $6,000 of which was money put up by Snyder. *Id.* at 438. The street value of the marijuana was estimated at $113,000. *Snyder v. State*, 585 P.2d 229, 234 n. 14 (Alaska 1978). The supreme court declared Snyder's five-year sentence excessive and ordered his sentence reduced from five years to three years. 622 P.2d at 439. In *Wolfe v. State*, 553 P.2d 472 (Alaska 1976), the supreme court upheld a sentence of five years with two years suspended imposed for four counts of sale of marijuana and one count of distribution of marijuana. Wolfe also received a fine of $5,000 with $3,000 suspended. The record in *Wolfe* established that he had made two trips to Arizona to import a total of ninety pounds of marijuana. The trial judge found that Wolfe had embarked on a career as a professional seller of marijuana and was a commercial dealer. From these cases, it appears that the supreme court has established a maximum sentence of three years' imprisonment for major commercial dealers in marijuana at least as long as the offense is not aggravated by a significant criminal record or another similarly significant aggravating factor. Although the record supports a conclusion that Poggas and Winfield were dealing in commercial quantities, the record does not support the conclusion that they were selling marijuana in amounts comparable to those of Snyder and Wolfe. Since the *Wolfe* and *Snyder* cases involve more severe offenses, and since those cases set a limit of three years' imprisonment, we conclude that Poggas and Winfield should receive a maximum sentence of significantly less than three years.[1]

1. We recognize that Snyder's sentence was reduced in part because he was a youthful first offender. Poggas, at age fifty-five, is not. We also perceive two significant negative factors in Winfield's case. First, he came to Alaska solely to sell marijuana. Second, he was released on bail on the possession of marijuana and escape offense at the time he committed the offenses which are the basis of this sentence appeal. Even considering these negative factors, we still consider the evidence that Poggas and Winfield were involved in commercial transactions of a much lesser magnitude than *Snyder* or *Wolfe* to dictate a result that they should receive a more favorable sentence than *Snyder* or *Wolfe*.

*Sanders v. State*, 602 P.2d 1252 (Alaska 1979), is distinguishable. Sanders had a prior Washington possession for sale conviction, was described by the supreme court as a major dealer and he engaged in one major drug sale within days of his release after apprehension for another major drug sale. These factors

In reviewing this sentence, we have also considered the fact that the legislature has enacted a new drug law, which became effective on January 1, 1983. *See* AS 11.-71.010–.900. We consider this recent legislation to be relevant as the most recent expression of legislative policy concerning the sentencing of drug offenders. *Whittlesey v. State,* 626 P.2d 1066, 1068 (Alaska 1980); *Sundberg v. State,* 652 P.2d 113, 115–16 (Alaska App.1982). Under the former statute, the sale of marijuana was punishable by a term of imprisonment not to exceed twenty-five years, or by a fine of not more than $20,000, or both. Former AS 17.12.110(b)(1). Under the revised law, the conduct of Poggas and Winfield would constitute class C felonies, for which the maximum possible penalty is five years' imprisonment. AS 11.71.040(4); AS 12.55.125(e). The presumptive term for a second offender is two years; for a third offender it is three years. In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case."[2] We do not find that either Poggas' case or Winfield's case is an exceptional case which would justify giving them more than a sentence of two years under the current criminal code.[3] Considering this result along with our analysis of the *Snyder* and *Wolfe* cases, we conclude that Poggas and Winfield should not receive a total sentence, including any suspended time, in excess of two years. We find the sentences imposed are clearly mistaken and remand them to the superior court with directions to impose sentences in conformity with this opinion.

The sentences are REVERSED and the cases are REMANDED with directions to impose sentences in conformity with this opinion.

caused the court to describe his case as exceptional.

2. The treatment given marijuana sentencing in the new amendment to the Revised Code serves to affirm the supreme court's decision in *Snyder* and provides convincing evidence regarding the legislature's current views regarding appropriate treatment of those who traffic in marijuana.

3. In the *Winfield* case, the state pointed out that in the new drug legislation the legislature established new aggravating factors which apply to drug offenses. AS 12.55.155(c)(19)–(22). The state asked us to consider those aggravating factors in the event we looked to the Revised Code as a guide to the appropriate sentence which should be applied. We have considered the proposed aggravating factors and conclude that, to the extent they apply to these cases, they do not justify giving either Poggas or Winfield a sentence in excess of two years' imprisonment.