**Ray L. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Bruce WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

Nos. A–1783, A–1807.

Court of Appeals of Alaska.

Oct. 9, 1987.

---

Paul D. Stockler, Larry L. Caudle & Associates, for appellant Bruce Williams.

William F. Dewey, Asst. Public Advocate, and Brant McGee, Public Advocate, and Christine Schleuss, Anchorage, for appellant Ray L. Williams.

Rhonda Butterfield Roberson, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Bruce W. Williams and Ray L. Williams, who are brothers, were convicted of numerous counts involving sale of marijuana to minors. Sale of marijuana to a minor is a violation of AS 11.71.030(a)(2), misconduct involving a controlled substance in the third degree, a class B felony. Both defendants also were convicted of a charge of possession of psilocybin with intent to deliver. This conduct is chargeable under AS 11.71.030(a)(1), misconduct involving a controlled substance in the third degree, a class B felony. Judge S.J. Buckalew, Jr., sentenced both defendants to eleven years with five years suspended, ordering them to serve five years on probation following their release from confinement. The defendants appeal, arguing that their sentences are excessive. We affirm.

The record establishes that Bruce and Ray Williams were major suppliers of marijuana and hallucinogenic mushrooms to minors in the Eagle River community. The Williams made numerous sales to minors of high school age. At the time of sentencing Bruce Williams was twenty-four years old. He had no prior record. Ray Williams was twenty-six years old. Ray Williams' only prior conviction was a misdemeanor conviction for obstructing a police officer in 1985.

The Williams make several substantial points in arguing that their sentence is excessive. They point out that the most serious offenses for which they were convicted are class B felonies. The maximum sentence for a class B felony is ten years. The presumptive sentence for a second-felony offender convicted of a class B felony is four years. The presumptive sentence is six years for a third-felony offender. AS 12.55.125. In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we stated that: "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear that this rule should be violated only in an exceptional case." The Williams point out that the sentences which they received are greater than the presumptive sentences for a third-felony offender. The Williams also point to cases such as *Stuart v. State*, 698 P.2d 1218 (Alaska App.1985) and *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985). In those cases we held that Stuart and Lausterer, first-felony offenders who were convicted of dealing large quantities of cocaine, should not receive sentences greater than six years with two years suspended. 698 P.2d at 1224; 693 P.2d at 891–92.

Other relevant cases which we have considered in evaluating this sentence are *Kelly v. State*, 622 P.2d 432 (Alaska 1981) and *Poggas v. State*, 658 P.2d 796 (Alaska App. 1983). In *Kelly*, the supreme court discussed the sentence of Kelly's coappellee, Snyder, who was sentenced to five years in prison for sale of marijuana. Snyder's case involved a major commercial transaction in which the street value of the marijuana was estimated to be $113,000. The supreme court found Snyder's sentence to be excessive and held that his sentence should not exceed three years. The court focused on the fact that Snyder was only twenty-five years old and that he was not a hardened criminal. *Id.* at 439. In *Poggas*, we noted that the supreme court had "established a maximum sentence of three years' imprisonment for major commercial dealers in marijuana at least as long as the offense is not aggravated by a significant

criminal record or another similarly significant aggravating factor." 658 P.2d at 797.

The state argues that this case is aggravated. The state points out that the Williams admitted they sold hallucinogenic mushrooms to minors. Hallucinogenic mushrooms contain psilocybin which is a schedule 2–A controlled substance. AS 11.-71.150(b)(18). Delivery of a schedule 2–A controlled substance to a minor is a violation of AS 11.71.010(a)(2), misconduct involving a controlled substance in the first-degree. Misconduct, involving a controlled substance in the first-degree is an unclassified felony which carries a minimum penalty of five years' imprisonment and has a maximum term of ninety-nine years. AS 11.71.010(c); AS 12.55.125(b).

In *Brandenburg v. State*, 705 P.2d 1331, 1333–34 (Alaska App.1985), we reviewed a sentence of eight years with three years suspended which had been imposed for sale of cocaine. In reviewing the sentence we gave great weight to the fact that Brandenburg employed a seventeen-year-old girl as an active and integral part of his drug sales. In upholding Brandenburg's sentence we noted that delivery of cocaine to a person under nineteen years of age, who was at least three years younger than the person delivering the substance, was an unclassified felony punishable by a minimum term of five years' imprisonment and a maximum term of ninety-nine years. We found Bradenburg's case was an aggravated offense due to this fact. We believe that the fact that the Williams' admitted conduct would have constituted a serious unclassified felony, involving frequent sales to minors, helps to distinguish this case from *Snyder* and *Poggas*. We see this case as involving much more serious conduct than those cases. We accordingly hold that the sentences which Judge Buckalew imposed in these cases are not clearly mistaken.

The sentences are AFFIRMED.