569 P.2d 1335 (1977)
Richard M. FOX, Appellant,
v.
STATE of Alaska, Appellee.
No. 3257.
Supreme Court of Alaska.
October 14, 1977.
*1336 Bruce A. Bookman, Anchorage, for appellant.
Glen C. Anderson, Monica Jenicek, Asst. Dist. Attys., and Joseph D. Balfe, Dist. Atty., Anchorage, for appellee.
Before BOOCHEVER, C.J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION
CONNOR, Justice.
This is a sentence appeal.

A
Richard M. Fox, then aged 21, robbed a drive-in restaurant in Anchorage at gunpoint on January 1, 1976. He took about $329. Shortly thereafter, he fired a shot at close range at a police officer who was trying to apprehend him. The officer was not hit; Fox was wounded in the abdomen by the officer's return fire. A jury found him guilty of robbery (AS 11.15.240) and of shooting with intent to kill, wound, or maim (AS 11.15.150). The superior court sentenced him to 7 years in prison for the robbery and 20 years, the statutory maximum, for the shooting. The sentences are to run concurrently.
Fox was a private in the Army, stationed at Fort Richardson. He had no previous civilian arrests, but he had a military disciplinary record: a court-martial for possession of heroin, and four lesser disciplinary actions including wrongful appropriation of an Army truck and possession of an unregistered firearm. He had been a military policeman but was removed from the military police after the court-martial.
Fox is addicted to heroin and was diagnosed by a psychiatrist as having "a psychotic *1337 core to his personality." The examining clinicians did not suggest that his psychological problems were so severe that commitment to a therapeutic institution, rather than a prison, would be advisable, and this is not at issue on appeal.

B
In Galaktionoff v. State, 486 P.2d 919, 924 (Alaska 1971), we stated that, "In general, maximum sentences should not be imposed without some foundation for characterizing a defendant as the worst type of offender." But in reviewing the sentence, we must also look to the nature of the offense, the defendant's character, and the need for protecting the public. Smith v. State, 531 P.2d 1273, 1276 (Alaska 1975); State v. Chaney, 477 P.2d 441, 443 (Alaska 1970).
With respect to the assault with intent to kill, we view Fox as falling within the category of the "worst type of offender." He initiated the gun battle by shooting at a police officer who was engaged in the performance of his duty. It was only by reason of an accident that the officer was not killed or seriously injured.
We have previously affirmed a 20 year sentence in cases where no bodily harm was inflicted on the victim. Price v. State, 565 P.2d 858 (Alaska 1977); Davis v. State, 566 P.2d 640 (Alaska 1977). We have also approved sentences of 20 years or more where bodily harm short of death occurred. Torres v. State, 521 P.2d 386 (Alaska 1974); McCracken v. State, 521 P.2d 499 (Alaska 1974); Burleson v. State, 543 P.2d 1195 (Alaska 1975).
Strictly speaking, Fox did not receive the maximum sentence. On the separate robbery count he was sentenced to seven years, to run concurrently with the sentence on the shooting count. Under the applicable statutes he could have been sentenced to a total of 35 years.
Our review of the record in this case in light of the standards set forth in State v. Chaney, supra, leads us to the conclusion that the trial court was not clearly mistaken in imposing the sentence on Fox.

C
Fox argues that he should have been placed in a drug treatment program instead of prison. The following portion of the pre-sentence report, which the court referred to in passing sentence, adequately answers the contention:
"Of significance is Mr. Fox's continued contention that he is innocent of the charges despite the Jury's finding. This certainly is his right, however it becomes a concern when considered with his statement that drugs had absolutely no effect on his actions on January 1. At the same time he is attempting to enter a therapeutic community as an alternative to incarceration. We must accept the Jury's finding of guilt. Regarding drugs we must either believe that they did not contribute to his offense; or we must believe that the defendant does not accept the fact that the drugs contributed to these offenses. Perhaps the most important factor in determining an appropriate drug program referral is the person's acknowledgment of a problem. If drugs did not play a major role in this case then a program is not in order; and if they did have some central role then the defendant is not prepared to benefit from programming as he will not acknowledge their role. Barring a drug problem of serious proportion by a defendant motivated to deal with his need for treatment, a therapeutic community placement is not in order for an offense of this nature. Mr. Fox does not present such motivation, and the extent of his drug problem is in question. Mr. Fox is known to be a manipulator and it is this officer's impression that he views a drug program as the lesser of two evils at this point. If the defendant seriously feels he needs drug therapy to succeed in the community he could request classification to a program toward the end of his sentence.

*1338 "It is felt by this officer that a drug treatment program is inappropriate at this time. Additionally, an offense of this nature excludes probation consideration because of the needs for isolation and deterrence."
In sentencing Fox the court stated its belief that Fox had perjured himself at trial, and also its belief that the jury reached the same conclusion. The sentencing judge may take into account his belief that the defendant committed perjury at trial. United States v. Nunn, 525 F.2d 958, 960 (5th Cir.1976); United States v. Hendrix, 505 F.2d 1233, 1235-37 (2d Cir.1974), cert. denied, 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975).[1]Meyers v. State, 488 P.2d 713 (Alaska 1971). This is to be distinguished from the rule that a sentence may not be augmented because a defendant refuses to confess or invokes his privilege against self-incrimination. United States v. Garcia, 544 F.2d 681 (3d Cir.1976); United States v. Acosta, 509 F.2d 539 (5th Cir.) (en banc), cert. denied, 423 U.S. 891, 96 S.Ct. 188, 46 L.Ed.2d 122 (1975). See Nunn, supra, 527 F.2d 1390 (opinion concurring in denial of rehearing).
Accordingly, rejection of the drug treatment alternative, and the judge's expression of disbelief of Fox's exculpatory story, were not error.
AFFIRMED.
NOTES
[1] There are cases holding to the contrary, including United States v. Grayson, 550 F.2d 103 (3d Cir.1977), cited by Fox, but they represent a distinct minority position and are contrary to the view we adopted in Meyers.