**Leroy JOHNSON, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3346.**

Supreme Court of Alaska.

April 14, 1978.

231

Robert B. Groseclose, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellant.

Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

Leroy Johnson, Jr. was found guilty by a jury of two counts of sale of a narcotic drug in violation of AS 17.10.010 and was sentenced to serve six years on each count to run concurrently.[1] Specifically, he was charged with selling approximately three-quarters of a gram of cocaine to Michael Porten on July 25, 1976, and an additional similar amount to Porten on August 3, 1976 at Fairbanks, Alaska.

In this appeal, Johnson contends:

1. That cocaine is unconstitutionally classified as a narcotic drug by Alaska statute.

2. That the trial court abused its discretion by vacating, on the eve of trial, its order requiring discovery of the personnel file of Michael Porten.[2]

3. That the trial court's sentence was clearly mistaken.

The first issue was disposed of adversely to Johnson in our recent opinion in *State v. Erickson,* 574 P.2d 1 (Alaska 1978). As to the other contentions, we do not find error on the basis of the record presented to us.

On October 7, 1976, Johnson's counsel moved for discovery of the following information:

1. Any personnel file on the informant, Michael Porten.

2. The address and present location of Michael Porten.

3. Any alias used by Michael Porten while he was working for the police.

4. Any jobs which Michael Porten held while working for the police.

5. Disclosure of any promises made to Michael Porten for his work for the police. Disclosure of payment made to Michael Porten while he worked for the police.

6. Previous jobs and addresses of Michael Porten.

7. Names of other cases [in] which Michael Porten is an informant.

8. Any police record of Michael Porten.

9. Disclosure of any previous police works or undercover work performed by Michael Porten either here or in other jurisdictions.

10. Disclosure of any derogatory information about Mr. Porten which might tend to negate the guilt of the accused.

The court granted the motion on October 12, 1976.

The state did not produce the file but made Porten available for a deposition by defense counsel. Around the beginning of December, defense counsel was notified that the personnel file would not be produced. The state, however, made no motion to limit the court's discovery rule.

On December 20, 1976, a week prior to trial, Johnson moved for an order preventing Porten from testifying, based upon the state's refusal to comply with the discovery order.[3] The state, in its first request to modify the discovery order, moved on December 23, 1976 to set aside the order requiring production of the personnel file.

On December 27, 1976, a hearing was held on the motions, and the court ordered the state to disclose the personnel file to the court in camera. The state complied, and the court reviewed the file. The judge advised defense counsel of the portions of

---

1. At the discretion of the parole board, it was recommended that he be eligible for parole after service of the minimum time required.

2. Johnson also contends that the trial court erred in denying his pre-trial motion to prevent the informer from testifying.

3. The defense attorney in this motion indicated that the prosecutor had informed him of the prosecution's intention to seek an amendment to the discovery order.

the file he believed material to the defense. The information revealed had been previously released to the defense. As to the balance of the file, the court indicated that there was no material which would affect the credibility of the witness by indicating any bias, prejudice or deals with the police.

The court ordered the personnel file sealed and made a part of the record in the case so that "if somebody wants to look at it later on and say that I'm wrong, it'll be available there for them to do that."

Criminal Rule 16(d)(4) provides:

> *Restriction or Deferral of Disclosure of Information.* Upon a showing of cause, the court may at any time order that specified disclosure be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled shall be disclosed in time to permit his counsel to make beneficial use thereof.

The trial court thus had the power to restrict the disclosure as long as the defendant was furnished all material and information to which he was entitled in time for counsel to make proper use of it.

It is important at this point to understand the exact nature of Johnson's contention on this appeal. He states that it was error for the trial court not to enforce its previous order requiring discovery and to deny Johnson's motion to prevent Porten from testifying. The personnel file has not been made a part of the record on appeal, and it is not contended that it contained any information helpful to the defense which was not otherwise revealed.

It is argued that counsel relied on the court order in expectation of receiving the personnel file, and that the last-minute variance from the earlier order prejudiced the defense. On appeal, Johnson states that his trial counsel deferred extensive investigation in anticipation of receiving that information. However, we are not informed as to the nature of any information that could have been helpful to the defense, and the trial judge's assessment as to the file's lack of value to the defense has not been otherwise challenged.[4] In addition, counsel did not seek a continuance after the in camera review in order to make additional preparation required because the file had not been delivered.

The situation is quite similar to that discussed in *Des Jardins v. State,* 551 P.2d 181 (Alaska 1976). In *Des Jardins,* the court ordered certain witness lists, laboratory reports and other information to be furnished the defendant by a certain date. When the material had not been furnished one week prior to the date set for trial, Des Jardins moved for a dismissal, or in the alternative, a continuance because of the failure to disclose. We stated:

> The proper procedure for a trial court faced with prosecution failure to disclose to the defense evidence that it is required to provide, until just before it plans to use such evidence, is to grant a continuance long enough to allow the defense attorney adequate time to prepare. Here, however, we are unable to say that the denial of a continuance had sufficient effect on Des Jardins' defense as to constitute reversible error under *Love v. State, supra.* . . . (footnote omitted)
>
> The fact that we do not reverse on this ground, however, does not excuse the prosecutor's violation of Rule 16. This rule imposes a duty on the prosecutor to disclose the information listed in subsection (b) of the rule, and other information as the court upon a showing of good cause may order.[5]

We remanded the matter to the superior court with directions to conduct a hearing

---

4. In addition, we note that the defense could not claim to be surprised by the prosecutor's refusal to reveal the personnel file. Although the prosecutor apparently represented to the defense his intention to seek a modification of the court's order, which he did not do, he did inform the defense approximately two to three weeks before the trial date that he did not intend to reveal that file.

5. 551 P.2d at 187–88. *See Love v. State,* 457 P.2d 622 (Alaska 1969).

to determine whether sanctions should be imposed on the state's trial attorney under Criminal Rule 16(e)(2).[6]

In *Scharver v. State,* 561 P.2d 300 (Alaska 1977), defense counsel had moved to dismiss an indictment due to the three-month delay of the prosecution in failing to furnish police reports. At the time they were furnished, nonjury trial proceedings had commenced, but testimony was not taken until six days after defense counsel received the reports. The superior court denied the motion to dismiss but informed counsel that it would consider a motion for continuance if needed. No request for a continuance was made, ad we held that the trial court did not err in refusing to dismiss the indictment because of the prosecution's asserted failure to comply with the mandatory discovery requirements of Criminal Rule 16(b)(5).[7]

Generally, in civil cases as well as in criminal, we have not favored sanctions for violation of court rules and orders by counsel where the sanctions would have substantial adverse effects on the rights of the parties, rather than on the offending attorneys themselves. In *Ketchikan Cold Storage Co. v. State,* 491 P.2d 143 (Alaska 1971), we held that an establishment-preclusion order [8] which prevented full adjudication of a case on its merits is so drastic a sanction that it should be employed only upon the clearest showing that such a course is required.[9]

Here, the state almost certainly would have been prevented from prosecuting Johnson if the court had granted his motion to prevent Porten from testifying. Porten, the person who had purchased the drugs, was an essential prosecution witness. In the absence of a showing of prejudice to a party of such a nature as to be likely to have a substantial effect on the outcome of the case, failure of counsel to comply with discovery orders should not be utilized as a basis for ultimate disposition of litigation.

We are not condoning the conduct of state's counsel. The state should have complied promptly with the discovery order. If the state objected to the scope of the discovery order, it should have filed a motion to amend the order prior to the time for compliance.

The courts, however, have adequate power to impose sanctions against offending counsel so as to prevent undue impairment of judicial efficiency. This case will be remanded to the superior court for the purpose of such further investigation, if any, that it may deem necessary in order to ascertain whether sanctions should be imposed against any trial attorney responsible for willful failure to comply with the court's orders.

Johnson also appeals from his sentence. The maximum sentence provided for violation of AS 17.10.010 [10] is ten years imprisonment and a $5,000.00 fine. Johnson was sentenced to six years imprisonment on each of two counts to run concurrently, with a recommendation that he be eligible for parole at the discretion of the parole board after serving the minimum time required.

In *Waters v. State,* 483 P.2d 199, 201 (Alaska 1971), we divided drug cases into four degrees of seriousness:

1. Smuggling, sale, or possession for purpose of sale of large quantities of illegal drugs.

2. Smuggling, sale, or possession for purpose of sale of small quantities of illegal drugs.

---

**6.** Criminal Rule 16(e)(2) specifies:
> *Willful Violations.* Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

**7.** 561 P.2d at 302.

**8.** Civil Rule 37(b)(2)(B) permits the court, upon refusal of certain parties to obey an order to provide or permit discovery, to order established for the purposes of the action any matter regarding which the order was made. The matter is established in accordance with the claim of the party obtaining the order.

**9.** 491 P.2d at 147; *but see, Bachner v. Pearson,* 479 P.2d 319, 324 (Alaska 1970).

**10.** AS 17.10.200 sets the punishment for those persons convicted of violation of AS 17.10.010.

3. Possession of illegal drugs without intent to sell.

4. Marijuana offenses.

Johnson sold a small quantity of cocaine on two separate occasions and thus falls in the second category.[11] There is no indication that he is dependent on any physically-addicting drug, selling solely for the purpose of "feeding his habit."[12] Moreover, Johnson has a record of prior transgressions including one other felony conviction.[13] On two prior occasions, Johnson's probation was revoked.

The trial judge gave consideration to the various sentencing criteria outlined in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). We hold that the trial court was not clearly mistaken in imposing Johnson's sentence.[14]

AFFIRMED.

---

**11.** Johnson also contends that the four categories of drug cases established in *Waters* should be modified to take into account the differences in the types of drugs involved in the crime. As a matter of logic, we agree that one of the factors the sentencing court should consider in determining an appropriate sentence is the particular drug involved in the offense and the harmfulness of that drug to the health and welfare of society. On the other hand, this court is ill-equipped to articulate an elaborate scale of harmfulness for the guidance of the trial courts of Alaska. We did note in *State v. Erickson,* 574 P.2d 1 (Alaska 1978), that it was our present impression that cocaine is less harmful to society than heroin.

**12.** *Huff v. State,* 568 P.2d 1014, 1020 (Alaska 1977), recognized addiction as a valid consideration in sentencing.

**13.** The conviction was for escape, in violation of AS 11.30.090, after an arrest on a robbery charge.

**14.** *McClain v. State,* 519 P.2d 811 (Alaska 1974).