Gerald STRACHAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 4901.

Supreme Court of Alaska.

Aug. 22, 1980.

---

1. *See, e.g., Steward v. City of Anchorage*, 391 P.2d 730, 731 (Alaska 1964).

Gregory J. Grebe, Kelly & Luce, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE, and MATTHEWS, JJ.

OPINION

BOOCHEVER, Justice.

Anchorage police officers arrested Gerald Strachan and his wife on charges of selling and possessing cocaine. The arrests stemmed from a series of purchases for a total sum of approximately $1,400 made by an undercover police agent during a three-week period in the summer of 1978. Strachan was indicted for possession of cocaine and for the sale of one-fourth ounce of cocaine on July 13. Strachan's wife was charged with four sales in similar "retail" quantities and she plead no contest to two charges.[1] Both Strachans had evidently been involved in a continuing small-scale cocaine sales operation out of their house in Anchorage over a substantial period of time.[2] Strachan was convicted on two counts in the indictment and was sentenced to seven years' imprisonment for sale of cocaine and three years' imprisonment for possession.[3] The sentences were to run concurrently, and Strachan has appealed the seven-year term.

Strachan makes three arguments in support of his claim that the sentence is excessive. First, he argues that his conduct was not sufficiently serious within the class of drug offenses. Second, he argues that his personal characteristics do not warrant the severe sentence. Third, he argues that the sentence is so out of proportion compared to that received by his wife as to be unjustifiable.[4]

Strachan notes the *Waters*[5] classifications of drug offenses and claims that the nature of the drug involved further affects the gravity of the offense. *See Johnson v. State*, 577 P.2d 230, 235 n.11 (Alaska 1978). Using these guidelines, Strachan says he is a Class II offender and that within that class his crimes are not so grave because they involve cocaine. Thus, he claims, the penalty imposed was, in effect, the maximum for the crime.

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. According to the presentence report, the buys were for $550 (one ounce) on June 27, $200 (two grams) on June 28, $100 (one gram) on July 5, $550 (one-fourth ounce) on July 13, and $200 (two grams) on July 14. The allegation of a one-ounce sale for $550 on June 27 is inconsistent with the allegation of a one-quarter-ounce sale for the same price on July 13. One ounce contains approximately 28 grams; one-quarter ounce is therefore seven grams, and the overall price structure indicates that the June 27 sale must have been for one-quarter ounce. Thus the total amount sold was approximately nineteen ounces.

2. The police officers who searched the residence seized sundry weighing devices and packaging and "cutting" materials. Strachan admitted having been engaged in cocaine sales to friends for about a year and his wife had also sold cocaine during that period.

3. Alaska law prescribes the same penalties for the possession as for the sale of cocaine, two to ten years for a first offense, ten to twenty for a second offense, and twenty to forty years for a third offense. *See* AS 17.10.010; AS 17.10.-200(a). As Gerald Strachan has no prior drug convictions, the authorized penalty was two to ten years. *See Gonzales v. State*, 582 P.2d 630 (Alaska 1978).

4. Strachan's wife received two concurrent three-year sentences with two years of each sentence suspended.

5. *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971), groups drug offenders into the following four classifications in descending order of seriousness:

  1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.
  2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.
  3. Possession of narcotics without intent to sell.
  4. Marijuana offenses.

■ Our prior opinions make it clear that the *Waters* criteria are simply one element of many factors relevant to a particular sentencing decision. *Waters* does not say that ranking the seriousness of offenses creates, *de facto*, a descending order of maximum sentences within each class. *See, e.g.,* *Whitton v. State*, 533 P.2d 266 (Alaska 1975); *Tarnef v. State*, 492 P.2d 109 (Alaska 1971). Strachan's argument that the nature of the offense by itself imposes an upper limit on the sentence is a misconception. In fact, in *Waters* itself we affirmed a ten-year sentence for a single sale of a small quantity of cocaine because the appellant was also guilty of robbery. 483 P.2d at 202. *Waters* means only that, other things being equal, the gravity of a drug offense should affect sentence length, but we are unable to conclude from consideration of the nature of the offense alone that Strachan's sentence is excessive. We have often indicated that the unauthorized sale for profit of controlled substances merits a great deal of concern.[6] The size of the sale and the drug involved must be considered with other factors.[7]

Strachan next contends that his personal characteristics do not justify the severe sentence. He notes his good employment record, military service, and efforts to care for his six children.[8] Furthermore, he says, a term in excess of five years is not justifiable under *Donlun v. State*, 527 P.2d 472 (Alaska 1974). Additionally, he alleges that it was clearly erroneous for the judge to take into account his belief that Strachan had lied on the witness stand except insofar as that conduct is relevant to the likelihood that Strachan may continue his criminal conduct. Finally, he argues that the judge failed to consider the need for and possible effects of alcohol and drug rehabilitation.

■ In our opinion, the trial court's action in augmenting the sentence for perceived perjury was, under the facts of this case, reversible error. It is true that a sentencing judge "may take into account his belief that the defendant committed perjury at trial." *Fox v. State*, 569 P.2d 1335, 1338 (Alaska 1977). But the sentence which is imposed must be for the underlying offense, not for perjury. To automatically enhance a sentence as a sanction because of the judge's belief that perjury was committed is improper. In *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1978), the court refers to "the impermissible sentencing practice of incarcerating for the purpose of saving the government the burden of bringing a separate and subsequent perjury prosecution." 438 U.S. at 53, 98 S.Ct. at 57 L.Ed.2d at 591. The case, however,

> reaffirm[s] the authority of the sentencing judge to evaluate carefully a defendant's testimony on the stand, determine— with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.

438 U.S. at 55, 98 S.Ct. at 2618, 57 L.Ed.2d at 592. *See United States v. Wise*, 603 F.2d 1101, 1105 (4th Cir. 1979).

In this case, the remarks of the sentencing judge and the size of the additional penalty indicate that the sentence was enhanced as punishment for the alleged perjury, and not because the alleged perjury might have been used as an indication of

---

6. *Davis v. State*, 577 P.2d 690 (Alaska 1978); *Wolfe v. State*, 553 P.2d 472 (Alaska 1976); *Thurlkill v. State*, 551 P.2d 541, 547 (Alaska 1976).

7. Despite Strachan's substantial sales of the drug over a considerable period of time, he does not seem to be a professional in that he did not use his criminal activities as a primary source of support.

8. Between 1956 and 1960, Strachan was convicted of assault and battery twice, as well as of disorderly conduct, forgery, and burglary not in a dwelling. He spent some time in jail on the last charge, but since then has had no convictions other than a 1973 conviction for driving while intoxicated. In recent years he has earned a substantial income as an electrician, and he currently supports a wife and six minor children from this and prior marriages.

Strachan's potential for rehabilitation.[9] We therefore deem it necessary to vacate the sentence and remand for resentencing.

■ Because the dividing line between permissible and impermissible sentencing practice in this respect is so subjective, we furthermore are of the opinion that, in cases where a sentencing judge believes that perjury has occurred, he should state the manner in which the perceived perjury relates to his selection of sentence.

■ Since this case must be remanded, we will comment on one other aspect of the appeal which is relevant to a determination of whether the sentence is excessive. We have often observed that a sentence in excess of five years should be given only in cases involving *particularly* serious offenses, dangerous offenders, and professional criminals. *Donlun v. State*, 527 P.2d at 475. This particular offense does not fall into the most serious category of drug offenses and would therefore not in itself warrant more than five years' imprisonment.[10]

■ When consideration is given to Strachan's military and employment records, his contributions as a parent and the absence of a criminal record for the past twenty years,[11] the sentence should not exceed five years' imprisonment. We reach this conclusion even while evaluating Strachan's alleged perjury as it might relate to his prospects for "rehabilitation and restoration to a useful place in society"[12] and the fact that Strachan was found with a concealed weapon while on bail.

■ Strachan also contends that the disparity between his sentence and that of his wife is so irrational as to be unjustifiable. Comparison with other sentences cannot be determinative of a particular sentence appeal.[13] While theoretically two defendants with identical backgrounds should receive like sentences, there are too many factors entering into sentencing to produce such a mechanical result. Nevertheless, disparity in sentencing should be minimized to the extent possible where like offenders are charged with similar crimes. In this case there was indication that Strachan directed the drug activities of his wife, which, with the differences in their backgrounds, attitudes and conduct pending sentencing, could justify the disparity in their sentences. Subsequent to the imposition of the sentence in this case, however, sentencing guidelines for drug and narcotic sales cases have been established by a Sentencing Guideline Committee appointed by this

---

9. The trial judge's key sentencing remarks in *Grayson* were as follows:

> In my view a prison sentence is indicated, and the sentence that the Court is going to impose is to deter you, Mr. Grayson, and others who are similarly situated. Secondly, *it is my view that your defense was a complete fabrication without the slightest merit whatsoever. I feel it is proper for me to consider that fact in the sentencing, and I will do so.*

438 U.S. at 44, 98 S.Ct. at 2613, 57 L.Ed.2d at 586 (emphasis added). The total sentence imposed was two years consecutive to Grayson's unexpired sentence. Grayson could have been sentenced for a period up to five years. There is thus no indication that a particular number of years was imposed on Grayson because of his perjury. *All that is indicated is that the* perjury was considered as a factor. In contrast, Judge Carlson explicitly stated, "For the record the fact that you lied on the witness stand is taken into account to increase the sentence from what would have been a five-year sentence to a seven-year sentence." This raises an inference that the additional two-year sentence was punishment for the perjury alone, rather than merely considering that aspect in connection with the defendant's overall character and rehabilitation potential.

10. *See Waters v. State*, 483 P.2d 199, 201–02 (Alaska 1971); *Moreau v. State*, 588 P.2d 275, 287 (Alaska 1978). One commentator has noticed that "incarceration for a substantial period for a single violation [of drug laws] will generally be inappropriate, unless the offender falls squarely within the worst category, *e.g.*, a large-scale wholesaler." Erwin, *Five Years of Sentence Review in Alaska*, 5 UCLA—Alaska L.Rev. 1, 9 (1975).

11. Strachan was convicted of driving while intoxicated on January 9, 1973, for which he received a fine and a suspended sentence.

12. *United States v. Grayson*, 438 U.S. 41, 55, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582, 592 (1978).

13. *Creer v. State,* 600 P.2d 1095 (Alaska 1979).

court. Upon remand the trial court may wish to give consideration to those guidelines.

The sentence is vacated and the case REMANDED for resentencing in accordance with this opinion.

BURKE, Justice, dissenting.

I respectfully dissent.

Citing *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the majority deems it necessary to vacate and remand for resentencing, because "the remarks of the sentencing judge and the size of the additional penalty indicate that the sentence was enhanced as punishment for the alleged perjury, and not because the alleged perjury might have been used as an indication of Strachan's potential for rehabilitation." This, I believe, amounts to an erroneous reading of *Grayson* and a misinterpretation of the superior court's sentencing remarks.

Unquestionably, Strachan's sentence on the drug charge was increased because the sentencing judge believed he had committed perjury at his trial. But that is *exactly* the practice approved of by the United States Supreme Court in *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).[1] Moreover, the sen-

tence was increased only after the sentencing judge carefully considered Strachan's history and his failure to learn from his past mistakes.[2] In other words, I think the superior court did consider Strachan's perjury "as an indication of [his] potential for rehabilitation."

Since I am not convinced that the court was otherwise clearly mistaken in imposing a term of seven years, I would affirm Strachan's sentence. *McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).

---

1. In *Grayson*, the United States Court of Appeals, Third Circuit, ordered the defendant's sentence vacated, after the sentencing judge added an increment to the sentence he might not otherwise have imposed because he believed the defendant had committed perjury at his trial. Citing *Poteet v. Fauver*, 517 F.2d 393 (3rd Cir. 1975), the Court of Appeals stated: "*Poteet* mandates that no additional penalty may be imposed upon a defendant because the trial judge believes that the defendant lied while testifying. Here, Grayson's sentence was unquestionably increased for just this reason. His sentence, therefore, cannot stand." *United States v. Grayson*, 550 F.2d 103, 108 (3rd Cir. 1976). On *certiorari*, the United States Supreme Court reversed. Significantly, I think, the Supreme Court, "remand[ed] for *reinstatement* of the sentence of the District Court." 438 U.S. at 55, 98 S.Ct. at 2618, 57 L.Ed.2d at 593 (emphasis added).

2. In his sentencing remarks, the trial judge stated:
   I want to make it clear you're being sentenced for nothing else but what you were convicted

of. . . . [T]he only things you're being sentenced for are the sale and possession of cocaine. . . . [I]t is apparent that you didn't learn from the mistakes you made in your youth and from the fact that you'd been previously convicted of 2 serious crimes plus several others. That lesson is that crime is wrong and that we learn from what we've done in the past and don't do it in the future. Further, while on bail you committed carrying a concealed weapon. Therefore, because you're older, you're not in need of vocational rehabilitation, you appear to respect the law very little, it is necessary to impose a significant sentence in order to deter you from unlawful conduct in the future. And because you lied on the witness stand in the course of your trial *I believe that it's appropriate that the sentence be enhanced to some degree.* . . . For the record, the fact you lied on the witness stand is taken into account to increase the sentence from what would have been a 5 year sentence to a 7 year sentence. [Emphasis added.]