Michael PYRDOL, Appellant,

v.

STATE of Alaska, Appellee.

No. 4712.

Supreme Court of Alaska.

Oct. 3, 1980.

Robert S. Spitzfaden, Smith, Taylor & Gruening, Anchorage, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

In the early morning hours of August 29, 1978, an inebriated man was robbed of $4.00 in the basement of a vacant building in Seward. A group of four Army enlistees, also intoxicated, had been carousing in Seward and decided to "roll a drunk." It is unclear who had the idea and whether it was a spontaneous event or whether they lured the victim to the place of assault. The victim was hit on the head with a rock and his pockets picked by the group. Michael Pyrdol was the one who hit the victim with the rock. He was convicted of robbery [1] on a plea of *nolo contendere* and sentenced to five years, with three suspended and parole eligibility denied for one year. He appeals the sentence as excessive.

Pyrdol argues that his background and youth warrant relatively lenient treatment.[2] He adds that the psychological pro-

---

1. Pyrdol was convicted under prior AS 11.15.-240 (§ 65-4-24 ACLA 1949). The authorized sentence under the statute was from one to fifteen years.

2. Pyrdol, age eighteen at the time of the offense, is the son of an American military man and his Japanese wife. His parents were divorced when he was three and alternated custody of him until he was twelve, when he and his three brothers decided to stay with their

file indicates a likelihood that his participation in the crime was a spur of the moment, impulsive action, which he engaged in because of the influence of his peers. Incarceration of this young and easily–led offender "will only worsen the defendant's problems," it is claimed.[3] No time to serve should have been given, he argues.

 The record clearly reveals that the sentencing judge considered all of the relevant factors. There is nothing in the record to indicate that incarceration, coupled with appropriate psychiatric, vocational, or alcoholic treatment, will turn Pyrdol into a recidivist. In reviewing sentences we continue to presume that the Division of Corrections will take the full record into consideration in selecting a facility for Pyrdol, in classifying his status in that institution, and in providing appropriate rehabilitative programs. See Parks v. State, 571 P.2d 1003, 1005–6 (Alaska 1977).[4]

Pyrdol also challenges the manner of sentencing, claiming that the trial court improperly considered unverified information. Pyrdol was sentenced after being indicted for perjury. Pyrdol had testified at the trials of two of the other alleged robbers (one of whom was acquitted), and the perjury indictment was based upon discrepancies in his statements at those proceedings. While the sentencing judge expressly stated that he was not considering the perjury

allegation, Pyrdol claims that he did: the difference between Pyrdol's and another defendant's sentences (the other defendant was given no time to serve) cannot otherwise be accounted for, he says.

 This claim is without merit. First of all, Pyrdol's conduct was more reprehensible, because he was the person who struck the victim on his head with a rock. Secondly, a sentencing judge may take into account his belief that the defendant committed perjury at his trial. Fox v. State, 569 P.2d 1335, 1338 (Alaska 1977). But the judge may do so only to the extent that the alleged perjury is used by him as indicia to determine the defendant's potential for rehabilitation. It is improper to enhance the sentence as punishment for the alleged perjury. Strachan v. State, 615 P.2d 611, 613–614, (Alaska 1980). In this case the judge expressly disavowed any reliance on the apparent perjury[5] as a sentencing factor, and thus such factor was not used for the purpose of increasing the sentence which might otherwise have been imposed. Because of this, it is unnecessary to remand the case for resentencing as we did in the Strachan case.

 None of Pyrdol's arguments are persuasive under the prior case law. Under the new criminal code, Pyrdol's presumptive sentence might have been six years. See

---

mother. Despite the obvious difficulties caused by these erratic changes in custody and by the cultural and racial differences between his parents, Pyrdol appears to have been well liked and not troublesome at school or at home.

After he finished ninth grade, Pyrdol left Okinawa to live with his father in New York. Two months after his seventeenth birthday, with his father's permission, he enlisted in the Army. In the service, Pyrdol has been a good soldier.

Pyrdol shows indications of alcoholism. A psychological report to the court indicates that he is an incipient schizophrenic, who should receive psychotherapy and can be expected to respond well to it. He is unskilled for civilian employment and has no strong career interest.

3. Pyrdol also argues that his sentence is unjustifiably dissimilar to other sentences for like crimes to like offenders. However, the cases he compares his to do not support his contention. See Holloway v. State, 535 P.2d 467 (Alaska 1975); Bradley v. State, 535 P.2d 1031

(Alaska 1975). The fact that another defendant for the same crime received no time to serve presumably reflects the nonviolent character of the other's activity in addition to whatever personality differences were demonstrated.

The issue before us is whether Pyrdol's sentence is excessive. Comparison with other cases does not indicate that the disparity in Pyrdol's sentence is so unjustifiable as to be irrational. See Burleson v. State, 543 P.2d 1195, 1202 (Alaska 1975).

4. To the extent that the Division of Corrections is unable, through lack of resources or otherwise, to fulfill its constitutional and statutory responsibilities, redress is available through the legislative process or through post–incarcerative civil litigation.

5. Pyrdol was subsequently convicted of perjury.

AS 12.55.125(c)(1) (effective January 1, 1980).[6] Under presumptive sentencing, the mitigating factors present in his case would at most allow reduction to three years, and he would not have been entitled to suspension of any portion of the three–year minimum presumptive sentence. *See* AS 12.55.-125(g). *See* AS 12.55.155(a)(2). Thus, the sentence imposed is less severe than he would be likely to get today for the same charge, absent an appeal to the three–judge sentencing panel under AS 12.55.175. We conclude that the sentence was not clearly mistaken.

AFFIRMED.

BOOCHEVER, J., not participating.

---

**6.** It appears that the man who was robbed suffered a head injury from being hit by Pyrdol. If this was a "serious physical injury" the six– year presumptive sentence would apply. AS 12.55.125(c)(1).