
Carl LA PIERRE, Appellant,

v.

STATE of Alaska, Appellee.

No. 4425.

Supreme Court of Alaska.

Nov. 28, 1980.

Sue Ellen Tatter, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

We have examined the transcript of the trial here and conclude that "the evidence, viewed in the light most favorable to the state, could lead a reasonable jury to conclude that [La Pierre] was guilty beyond a reasonable doubt." *Stumbaugh v. State*, 599 P.2d 166, 173 (Alaska 1979) (footnotes omitted).

We are, however, in doubt as to whether the trial court properly increased the sentence because of its perception that the defendant had committed perjury in his testimony. We have held that it is improper to increase a sentence because a defendant has committed perjury at trial, but the fact of such perjury may be considered as relevant to the defendant's prospects for rehabilitation. *Strachan v. State*, 615 P.2d 611 (Alaska 1980). Accordingly, we are vacating the sentence and remanding this case for resentencing. At the resentencing the trial court should "state the manner in which the perceived perjury relates to his selection of sentence." *Id.* at 614.

REMANDED.

BURKE, J., concurs in part and dissents in part.

BOOCHEVER, J., not participating.

BURKE, Justice, concurring in part, dissenting in part.

I concur in that portion of the majority opinion holding the evidence of appellant's guilt sufficient to support his conviction. On the remaining issue, I dissent.

For the same reasons expressed in my dissenting opinion in *Strachan v. State*, 615 P.2d 611 (Alaska 1980) (Burke, J., dissenting), I would affirm the sentence in this case.