**Takumi SHANNON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2384.

Court of Appeals of Alaska.

April 7, 1989.

Rex Lamont Butler, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Takumi Shannon was tried and convicted of two counts of sexual abuse of a minor in the second degree. Superior Court Judge S.J. Buckalew, Jr., sentenced Shannon to a total of eight years with four years suspended. In imposing sentence, Judge Buckalew relied in part on Shannon's admission that he had committed perjury in testifying during a bail review hearing. Shannon was later tried and convicted for this perjury. Shannon appeals his perjury conviction on two grounds: double jeopardy and prosecutorial vindictiveness. We affirm.

Shannon was released on bail after being indicted for sexual abuse of a minor. Before trial, the prosecutor filed a motion to remand Shannon to custody, alleging that he had violated the conditions of his release by going to an American Legion Club without his third-party custodian. At the bail revocation hearing, Shannon testified that he had not gone to the American Legion Club.

Shannon was convicted of both counts of sexual abuse of a minor, and subsequently gave a written statement to the presentence officer admitting that he had lied about being at the American Legion Club.

At Shannon's sentencing hearing on the sexual abuse charges, the prosecutor pointed out that Shannon had admitted lying under oath at the bail hearing. The prosecutor said that perjury charges were going to be filed against Shannon and asked the judge to consider Shannon's perjury when sentencing him for sexual abuse. The judge instructed Shannon's attorney to address the question of whether Shannon's apparent perjury should be a significant factor at sentencing.

When Shannon took the stand at his sentencing hearing, the prosecutor asked the judge to advise Shannon that, because of the impending perjury charges, anything he said might be used against him. The prosecutor also stated that she would charge Shannon with additional perjury if he lied under oath at the sentencing hearing. The judge stated that Shannon was being fairly warned of the pending perjury charge. Shannon nevertheless chose to testify. On cross-examination, he acknowledged writing the letter to the presentence officer in which he admitted to having lied during the bail hearing. When Shannon presented allocution, he twice repeated that he had lied at the bail hearing.

Shannon was sentenced to serve consecutive four-year terms on the sexual abuse charges, but the sentence on Count II was suspended on the condition that Shannon successfully complete five years of probation. The sentencing judge said he was imposing four years to serve because he was "totally satisfied" that Shannon was "in real need of sex abuse counseling and psychological counseling." He stated that Shannon was an eerily convincing liar, and that he seemed to be in "total control" of himself. The judge believed this control indicated that Shannon was not a good candidate for counseling and that it would take him a long time to successfully complete his treatment. The judge emphasized that the purpose of the sentence was to rehabilitate Shannon and that he believed the entire period of incarceration was necessary to achieve that purpose.

Shannon was subsequently indicted on one count of perjury for lying at the bail

hearing. He moved to dismiss the indictment on grounds that it violated double jeopardy and was the product of prosecutorial vindictiveness. Judge Buckalew denied the motion. Shannon then entered a no-contest plea, reserving the right to appeal the denial of the motion to dismiss. Shannon was sentenced to six months for perjury, to run consecutively to the sexual assault sentences.

Shannon's first claim is that his conviction and sentence for perjury violate the double jeopardy provision of the Alaska Constitution, article 1, section 9, because he was punished for the same conduct when he was sentenced for sexual abuse of a minor.

 It is well established that a sentencing judge may take into consideration the fact that the defendant committed perjury at trial. *United States v. Grayson,* 438 U.S. 41, 50–53, 98 S.Ct. 2610, 2615–17, 57 L.Ed.2d 582 (1978); *Fox v. State,* 569 P.2d 1335, 1338 (Alaska 1977). Considering a defendant's perjury at sentencing in this manner does not constitute punishment for the crime of perjury. *Grayson,* 438 U.S. at 53–54, 98 S.Ct. at 2617. As long as the sentence imposed is for the underlying offense and not simply a punishment for perjury, it is permissible. *Strachan v. State,* 615 P.2d 611, 613 (Alaska 1980). Enhancing a sentence because the alleged perjury is an indication of the defendant's reduced potential for rehabilitation is permissible. *Id.* at 613–14.

Both the Fourth and Ninth Circuits have considered the issue presented by Shannon and have concluded that the double jeopardy clause of the federal constitution is not violated when a defendant whose sentence has been enhanced for committing perjury at trial is subsequently charged with and convicted of the same perjury. *See United States v. Wise,* 603 F.2d 1101 (4th Cir. 1979); *United States v. Von Moos,* 660 F.2d 748 (9th Cir.1981). Shannon argues that this court should give a broader reading to the Alaska double jeopardy provision. Shannon urges the court to adopt the view of the dissent in *Grayson:*

> *[W]henever* a defendant testifies in his own behalf and is found guilty, he opens himself to the possibility of an enhanced sentence. Such a sentence is nothing more or less than a penalty imposed on the defendant's exercise of his constitutional and statutory rights to plead not guilty and to testify in his own behalf.
>
> It does not change matters to say that the enhanced sentence merely reflects the defendant's 'prospects for rehabilitation' rather than an additional punishment for testifying falsely. The fact remains that all defendants who choose to testify, and only those who do so, face the very real prospect of a greater sentence based upon the trial judge's unreviewable perception that the testimony was untruthful.

*Grayson,* 438 U.S. at 56–57, 98 S.Ct. at 2618–19 (emphasis in original).

Although the *Grayson* dissent does not directly address the issue of double jeopardy, Shannon suggests that the quoted language can serve as a basis for this court to adopt the view that where the trial court expressly finds that a defendant committed perjury and enhances the sentence, the enhancement should be treated as punishment for perjury for double jeopardy purposes.

There are obvious difficulties to adopting this view. The sentencing structure in this state is designed to consider the defendant's relevant background and character in determining an appropriate sentence. When considering the defendant's prospects for rehabilitation, courts have often found that the trial court's belief that a defendant perjured himself or herself is a relevant factor in fixing a sentence. As long as the perjury is considered only as an indicator of the defendant's potential for rehabilitation and the sentence is not enhanced solely as punishment for the alleged perjury, this is permissible. *See, e.g., LaPierre v. State,* 626 P.2d 1065 (Alaska 1980); *Coleman v. State,* 621 P.2d 869, 883 (Alaska 1980); *Pyrdol v. State,* 617 P.2d 513, 515 (Alaska 1980); *Strachan v. State,* 615 P.2d 611, 613–14 (Alaska 1980); *Dymenstein v. State,* 720 P.2d 42, 46 (Alaska

App.1986); *Williams v. State*, 652 P.2d 478, 481 (Alaska App.1982); *Davis v. State*, 635 P.2d 481, 487 (Alaska App.1981).

 · In Shannon's sexual abuse case, the sentencing court properly considered Shannon's perjury only as it related to his prospects for rehabilitation. In increasing Shannon's sentence, the court expressed the view that, due to Shannon's aptitude for lying, he would require a longer period of counseling to achieve rehabilitation. The court was not simply punishing Shannon for his perjury. Both federal and state law require the conclusion that Shannon's right to be free from double jeopardy was not violated.

 Shannon's second argument is that his indictment for perjury should have been dismissed due to prosecutorial vindictiveness. Shannon claims that the prosecutor acted vindictively when she stated that any remarks Shannon made at sentencing would be used against him later in a perjury prosecution. In order to make a *prima facie* showing of vindictive prosecution, Shannon must show that the prosecutor threatened to penalize him for exercising a constitutional or statutory right. *Atchak v. State*, 640 P.2d 135, 144 & 147 n. 23 (Alaska App.1981). In other words, Shannon must show that had he decided not to testify, he would not have been charged with perjury.

Shannon has failed to show this. Here, the prosecutor did not condition her threat of prosecution for perjury on Shannon's decision to testify in his own behalf at the sentencing hearing. Rather, the prosecutor expressed her unconditional intent to seek perjury charges against Shannon and, in that context, asked the court to advise Shannon that he risked incriminating himself further by electing to testify. There is nothing improper about such a remark. *See, e.g., Bank of Nova Scotia v. United States*, — U.S. ——, ——, 108 S.Ct. 2369, 2377, 101 L.Ed.2d 228, 242 (1988); *United States v. Viera*, 839 F.2d 1113, 1115 (5th Cir.1988). Shannon has failed to show that any vindictive prosecution occurred.

Shannon's perjury conviction is AFFIRMED.