**Gale Howard BELGARDE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2447.**

Supreme Court of Alaska.

Nov. 28, 1975.

Phillip P. Weidner, Asst. Public Defender, Herbert D. Soll, Public Defender, Martin Friedman, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BURKE and BOOCHEVER, JJ.

CONNOR, Justice.

On May 8, 1974, appellant was indicted for the offense of selling marijuana in violation of AS 17.12.010, which is a felony. Before the time for trial Belgarde moved to dismiss the indictment on the ground that AS 17.12.010 was unconstitutional for various reasons. This constitutional challenge and the motion based thereon were denied by the trial court.

On February 6, 1975, Belgarde entered a plea of nolo contendere to an information charging him with possession of marijuana, a misdemeanor. This information was based upon the same facts on which the indictment was returned. Imposition of sentence was suspended, and he was placed on probation for a period of six months upon the usual general conditions. As a special condition of probation he was required to pay a fine of $75.00. In entering this plea Belgarde specifically reserved his right to appeal upon the constitutional grounds which he had raised in his attack upon the

indictment. Thence he has brought this appeal.

The parties have stipulated as to certain facts which are the basis of the indictment against Belgarde and which were the basis of his plea of nolo contendere to the misdemeanor charge of possession of marijuana.

The testimony before the grand jury established that Belgarde was an accessory to the sale of two pounds of marijuana by a juvenile co-defendant to an undercover agent named Harback. From the trunk of the juvenile's car, which was located in the parking lot of a bar known as Chilkoot Charlie's, Belgarde carried the marijuana to the automobile of agent Harback. The marijuana was wrapped in a leather jacket. There was a factual dispute as to what happened after Belgarde entered agent Harback's automobile, but there was no dispute that Belgarde carried the marijuana from one automobile to the other.

In this appeal Belgarde asserts that the Alaska statute criminalizing the possession of marijuana, which applied at the time of his plea,[1] is unconstitutional. He bases his attack on several grounds: (1) that the statute violates the equal protection clause of both the United States Constitution and the Alaska Constitution in that it interferes with the right to privacy and the right to liberty;[2] (2) that the arbitrary classification of marijuana as a dangerous drug denies to persons possessing it due process of law;[3] and (3) that the imposition of a criminal punishment when a more rational means is available violates the constitutional prohibition against cruel and unusual punishment.[4]

Our recent opinion in *Ravin v. State,* 537 P.2d 494 (Alaska 1975), is largely dispositive of this appeal. In that case we held that the state may not prohibit possession of the drug by an adult in the home for personal consumption. But we also stated our opinion that:

"[N]either the federal or Alaska constitutions affords protection for the buying or selling of marijuana, nor absolute protection for its use or possession in public. Possession at home of amounts of marijuana indicative of intent to sell rather than possession for personal use is likewise unprotected." 537 P.2d at 511 (footnotes omitted).

Belgarde's possession of marijuana occurred in a public place, and was in con-

---

1. AS 17.12.010 provides:
   *Acts Prohibited.* Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.
   AS 17.12.110(a) provided at the time:
   A person who violates a provision of this chapter relating to the possession or control of depressant, hallucinogenic and stimulant drugs, when his possession or control is for his own use, is guilty of a misdemeanor and upon conviction is punishable by imprisonment for not more than one year, or by a fine of not more than $1,000, or by both.
   The legislature has since amended AS 17.12.-110. *See* ch. 110 SLA 1975. The new section provides for a fine of not more than $1,000 for possession of more than one ounce of marijuana in a public place. AS 17.12.110 (d)(2). If possession is "for the purpose of sale or other disposal to another person", the possessor is guilty of a felony. AS 17.12.110(b).

2. Alaska Const. art. I, § 22: "The right of the people to privacy is recognized and shall not be infringed." U.S.Const. amend. XIV, § 1: "No state shall . . . deprive any person of . . . liberty . . . without due process of law." Alaska Const. art. I, § 7: "No person shall be deprived of . . . liberty . . . without due process of law."

3. U.S.Const. amend. XIV, § 1: "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." Alaska Const. art. I, § 7: "No person shall be deprived of life, liberty, or property, without due process of law."

4. U.S.Const. amend. VIII: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Alaska Const. art. I, § 12: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Penal administration shall be based on the principle of reformation and upon the need for protecting the public."

nection with the sale of a substantial amount of that drug, even though his conviction was for possessing the drug rather than for being an accomplice to its sale. Thus we hold that the state may constitutionally prohibit Belgarde's possession, under the principles set forth in *Ravin v. State*. The record in this case simply does not raise a tenable claim for invoking the right to privacy.

Belgarde next asserts that the application of the marijuana laws in Alaska results in invidious discrimination against young persons. He refers to statistics showing that of the clients of the Alaska Public Defender Agency during a two-year period who were charged with possession of marijuana, two-thirds were within the ages of 18 and 21. He then argues that because these data show a discriminatory application of a law neutral on its face, a violation of the equal protection clause of the United States Constitution is demonstrated.[5]

■ Belgarde's reliance on *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L. Ed. 220 (1886), is misplaced. In that case a municipal ordinance requiring the city's consent to operate a laundry business was administered in such a way that some 200 Chinese laundrymen were denied permission to operate laundries, while some 80 non-Chinese persons were allowed to carry on such businesses. On the record in that case no reason for discrimination could be found other than hostility to an ethnic group. The United States Supreme Court declared the action of the city unconstitutional under the 14th Amendment. By contrast, in the case at bar it has not been shown that enforcement of the statute has been conducted in such a way as to purposely single out young persons as the targets of enforcement while ignoring violations by others. The mere showing that many young persons are subjected to prosecution does not prove the thesis, for numerous other reasons can be advanced to explain why a statistically large percentage of the young are the objects of marijuana law enforcement. The most obvious explanation is one alluded to by Belgarde in his brief: that marijuana use occurs with greater frequency among the young than with those of older years. This factor alone would explain the statistics on which the argument is based. We hold that a case of unconstitutional, invidious discrimination has not been made out. As the state points out, a relatively large proportion of serious crimes are committed by persons under the age of 25. Yet it can hardly be contended that this demonstrates an impermissible discrimination against this group. On this point there is no error.

■ We find without merit Belgarde's contention that the classification of marijuana as a dangerous drug is so arbitrary that it denies to persons possessing the drug due process of law. It is true we held in *Ravin* that there is insufficient justification for the state to intrude into the citizen's right to privacy by its prohibition of the possession of marijuana in the home by an adult for personal consumption. Nevertheless, we stated in that case that the need for control of drivers under the influence of marijuana, and the existing doubts as to the safety of marijuana, demonstrate a sufficient justification for the prohibition found in AS 17.12.010 as an exercise of the state's police power for the public welfare.[6]

---

5. U.S.Const. amend. XIV, § 1: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

6. "*Ravin* also attacks as irrational the classification of marijuana with the other drugs covered by AS 17.12.150(3) ('depressant, stimulant, or hallucinogenic'). He may be

correct that marijuana is the least harmful of drugs covered by AS 17.12.150(3), but that alone is not sufficient to make the classification irrational . . . In Alaska . . . 'hard drugs' are in a completely different category from marijuana, with substantially greater penalties for misuse. The drugs with which marijuana is grouped in AS 17.12.150(3) are not so different from

Belgarde also urges that the imposition of criminal punishment for possession of marijuana, when a more rational, non-criminal means of regulation is available, violates the constitutional prohibition of cruel and unusual punishment. Especially in light of the slight penalty imposed upon Belgarde, we find we must reject this claim, as it only seeks to put in question the possible range of sentences legislatively prescribed for conduct which the state may legitimately criminalize.

Affirmed.

marijuana that yet another classification must be set up for marijuana alone. We find no merit in Ravin's contention on this point." *Ravin v. State*, 537 P.2d 494, 512 (Alaska 1975); *accord, United States v. Maiden*, 355 F.Supp. 743, 747–48 (D.Conn. 1973).