Robin Curtis BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. 2522.

Supreme Court of Alaska.

June 13, 1977.

Phillip P. Weidner, Drathman & Weidner, Anchorage, and Brian Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

OPINION

PER CURIAM.

Robin Curtis Brown pled guilty to an indictment charging him with the unlawful sale and distribution of marijuana. Brown reserved the right to appeal the constitutionality of AS 17.12.010.[1] Brown arranged for the sale of two pounds of marijuana by

1. AS 17.12.010 provides:

*Acts prohibited.* Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.

a juvenile to an undercover narcotics agent.[2] He was paid $5.00 by the seller for his assistance in the transaction. Imposition of Brown's sentence was deferred for two years.

Counsel for Brown has filed a well-written brief and has argued eloquently in presenting numerous challenges to the constitutionality of AS 17.12.010. We remain unpersuaded, however, and find that all of the substantial contentions have been answered by our prior opinions in *Ravin v. State,* 537 P.2d 494 (Alaska 1975), and *Belgarde v. State,* 543 P.2d 206 (Alaska 1975).

In *Ravin,* we found that problems caused by marijuana did not present a sufficiently close and substantial relationship to the public welfare as to justify prohibition of its possession in the home for personal use. However, we expressly stated:

> . . . [W]e believe that at present, the need for control of drivers under the influence of marijuana and the existing doubts as to the safety of marijuana, demonstrate a sufficient justification for the prohibition found in AS 17.12.010 as an exercise of the state's police power for the public welfare. . . .
>
> . . . neither the federal or Alaska constitution affords protection for the buying or selling of marijuana, nor absolute protection for its use or possession in public. Possession at home of amounts of

marijuana indicative of intent to sell rather than possession for personal use is likewise unprotected. 537 P.2d at 511.

Here Brown was convicted for aiding in the sale of a sizable quantity of marijuana. Pertaining to the same transaction, we stated in *Belgarde v. State:*

> Belgarde's possession of marijuana occurred in a public place, and was in connection with the sale of a substantial amount of that drug, even though his conviction was for possessing the drug rather than for being an accomplice to its sale. Thus we hold that the state may constitutionally prohibit Belgarde's possession, under the principles set forth in *Ravin v. State.* The record in this case simply does not raise a tenable claim for invoking the right to privacy. 543 P.2d at 207–08.

For the reasons more fully set forth in *Ravin* and *Belgarde,* the judgment of conviction is

AFFIRMED.

---

**2.** Gale Howard Belgarde also assisted in the transaction by taking the marijuana from the trunk of the juvenile's car to the car of the narcotics agent. His conviction for possession of marijuana in violation of AS 17.12.010 was upheld on appeal. *Belgarde v. State,* 543 P.2d 206 (Alaska 1975).