Priscilla G. PHARR, d/b/a the
Arbicola, Petitioner,

v.

FAIRBANKS NORTH STAR
BOROUGH, Respondent.

No. 5525.

Supreme Court of Alaska.

Dec. 24, 1981.

Priscilla Pharr, Fairbanks, pro se.

Terrence. H. Thorgaard, Asst. Borough Atty., Fairbanks, and J. D. Nordale, Borough Atty., Fairbanks, for respondent.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

COMPTON, Justice.

In this petition for review another challenge is made to the methods used for determining individuals' and businesses' tax liabilities to governmental entities.[1] Priscilla Pharr, petitioner, is the sole proprietor of a florist shop in Fairbanks. In 1978 the Fairbanks North Star Borough, respondent, requested audits of all florist shops in Fairbanks to determine whether the shops were properly collecting sales taxes and remitting them to the Borough. After Pharr indicated she would not voluntarily assist in an audit of her business, the Borough filed an action against her in the superior court. By its complaint, the Borough sought to

---

1. Other recent cases in which similar challenges are made include *State v. Oliver*, 636 P.2d 1156 (Alaska, 1981) and *Fairbanks N. Star Borough v. Underwood*, 626 P.2d 574 (Alaska 1981).

recover all sales taxes collected since 1976 and not remitted to the Borough, as well as double the amount of any taxes that should have been, but were not, collected.

Pursuant to Civil Rule 34[2] the Borough requested Pharr to produce for inspection certain business records that would indicate what, if any, sales taxes Pharr had failed to collect or to remit to the Borough. Pharr refused to permit inspection of these records. The Borough then made a motion under Civil Rule 37(a)(2)[3] for an order compelling production of the records. The motion was granted and the superior court ordered Pharr to produce for inspection all invoices of goods and merchandise sold by her and all books, records and accounts of her business for the period beginning October 1, 1976 and ending March 25, 1980. Pharr moved the court to reconsider the order on the grounds that the Alaska and United States Constitutions preclude involuntary production of the records and that she had collected and remitted to the Borough all sales taxes that should have been collected and remitted. The superior court denied this motion.

Pharr did not comply with the order compelling production of her records. The Borough moved that she therefore be held in contempt of court. After a trial on the matter, the superior court found that Pharr was in contempt. It ordered her to produce the business license returns, Schedule C forms of federal income tax returns and sales tax receipts of the business for the years 1976 through 1978. In the alternative, the court ordered Pharr to authorize the appropriate governmental agency to release these records to the Borough. Finally, the court ordered that if she did not produce the records or authorize their release within five weeks, Pharr was to be incarcerated until the order was complied with. The superior court stayed its order, pending the outcome of this petition for review.

Pharr urges us to vacate the court order for four reasons. First, she claims that the superior court erred when it denied her a jury trial for the contempt proceeding. Second, she claims the court erred when it concluded that the Borough's action did not unlawfully discriminate against her. Third, she claims that the court erred when it concluded that the records are not protected by the right to privacy. Finally, she claims that the records are privileged and not discoverable. We conclude that the superior court did not err on any of these issues.

### I. Right to Jury Trial

Pharr offers two arguments in support of her claim that the trial for contempt should have been before a jury. She first relies upon article I, section 16, of the Alaska Constitution. In part, it states, "In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by jury of twelve is preserved to the same extent as it existed at common law." Pharr contends that she had a right to a jury trial because the Borough's underlying action against her is for monetary relief exceeding $250.00 and because the contempt proceeding is inseparably interwoven with this action for monetary relief. When determining whether there is a right to a jury trial in contempt proceedings, however, the underlying action is disregarded; it is only the nature of the contempt proceeding that is examined. *See E. L. L. v. State*, 572 P.2d 786 (Alaska 1977); *Gwynn v. Gwynn*, 530 P.2d 1311 (Alaska 1975); Comment, *Imprisonment for Civil Contempt of Court: The Alaska Constitutional Jury Trial Requirement*, 8 U.C.L.A.-Alaska Law R. 139 (1979). As we indicated in *E. L. L. v. State*, 572 P.2d at 789, and in *Gwynn v. Gwynn*, 530 P.2d at 1313, there is no right to a jury trial in a civil contempt proceeding when the sole purpose of the proceeding is to compel the contemnor to perform some act that he or she is capable of performing.

---

**2.** This rule permits a party to an action to serve upon another party, without leave of court, a request to produce any relevant, unprivileged documents. Alaska R.Civ.P. 34.

**3.** Under this rule, if a party fails to permit an inspection of documents after a request has been made pursuant to Civil Rule 34, the requesting party may move for an order compelling inspection. Alaska R.Civ.P. 37(a)(2).

Pharr's second argument in support of her right to a jury trial is that the contempt proceeding should be characterized as criminal, rather than civil. Pharr correctly notes that when the imposition of a jail sentence in a contempt proceeding is intended to punish the contemnor for prior acts, there is a right to trial by jury because the proceeding is then most accurately characterized as a criminal trial. *Gwynn v. Gwynn*, 530 P.2d at 1312–13. Any jail sentence that may be imposed in this case, however, is contingent upon Pharr's refusal to comply with the order compelling production of her records, an act she is capable of performing. The court's order was remedial and not punitive. We thus conclude that the superior court did not err when it refused Pharr's request for a jury trial.

## II. Equal Protection

We next consider Pharr's contention that the Borough unlawfully discriminated against her. Pharr presented some evidence at trial that the Borough, when pursuing claims against other businesses, did not bring actions for monetary relief or request that a person be held in contempt of court for failing to produce documents. Pharr contends that she was impermissibly singled out for this treatment. Although Pharr does not characterize it as such, we take this to be an assertion that she was denied the equal protection of the laws guaranteed by the United States [4] and Alaska [5] Constitutions.

Unless Pharr established at trial that the Borough's conduct burdened fundamental rights or indicated prejudice against her because she is a member of a discrete and insular minority, we will not use the "compelling state interest" test to determine whether Pharr was denied equal protection of the laws. *See* L. Tribe, American Constitutional Law section 16–6 (1978). Pharr does not indicate that any of her fundamental rights have been burdened by the Borough's conduct. She suggests, however, that the Borough may have singled her out because of her gender or financial class. Although discrimination on the basis of gender is analyzed by a more stringent test than the rational basis test, *see Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), rehearing denied, 429 U.S. 1124, 97 S.Ct. 1161, 51 L.Ed.2d 574, more is required than a mere suggestion by Pharr of such discrimination to trigger this higher standard of review. Before this standard could be applied, Pharr would have to present some evidence that the Borough's conduct was discriminatory in impact or purpose. *See* L. Tribe, American Constitutional Law section 16–18 (1978). Presenting evidence that Pharr is a woman of no great wealth who has been treated differently than other people is insufficient to indicate a discriminatory impact or purpose. The situation would be different if Pharr had shown that the Borough had persistently filed actions or sought contempt orders against women only. *Compare Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) with *Belgarde v. State*, 543 P.2d 206 (Alaska 1975). In view of the lack of any such evidence, we must analyze Pharr's claim of discrimination under the rational basis test adopted in *Isakson v. Rickey*, 550 P.2d 359, 362 (Alaska 1976).[6]

---

4. U.S.Const. amend. XIV, section 1, provides, in part:

   No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

5. Alaska Const. art. I, section 1, provides:

   This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the state.

6. In *Isakson v. Rickey*, we stated:

   "Under the rational basis test, in order for a classification to survive judicial scrutiny, the classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

■■■ Applying this test, we conclude that the Borough's conduct toward Pharr does not violate the equal protection clause of the Alaska Constitution. The Borough has a legitimate interest in collecting the sales taxes that it is authorized to levy.[7] Routine audits of businesses to determine whether the proper taxes are collected and remitted to the Borough are fairly and substantially related to that purpose, as are actions for taxes allegedly owed and contempt proceedings against a person who has refused to comply with a court order compelling production of documents. We therefore find no error in the superior court's conclusion that Pharr was not unlawfully discriminated against by the Borough.

### III. Right of Privacy

Pharr's next argument is that compelled production of her business records constitutes an invasion of her right to privacy under article I, section 22, of the Alaska Constitution. That section states in part, "The right of the people to privacy is recognized and shall not be infringed." Pharr seems to misunderstand the nature of the protection afforded by this right. Pharr asserts that because the requested records are not matters of public information, their disclosure for inspection cannot be compelled.

■■■ As we recently indicated in *State v. Oliver*, 636 P.2d 1156, 1167 (Alaska 1981), the protection given to interests that fall within the scope of the privacy right is not absolute. Although *State v. Oliver* involves challenges to mandatory self-disclosure of information for income tax returns, our holding in that case is applicable here. We stated,

> In light of the unchallenged validity of the state's taxing power and the agree-

ment among the cases that self-disclosure and the accompanying power to summon records is necessary to implement the tax system, we conclude that the state has a compelling interest justifying the invasion of privacy sought here. Given the lack of connection between most information sought on a tax return and a person's more intimate concerns and the confidentiality protections afforded by AS 43.05.-230, we further conclude that the interest outweighs any privacy rights violated by compulsion to fill out the form or testify before a revenue agent.

> We also conclude that, generally, self-disclosure, accompanied by appropriate use of the summons power, constitutes the least intrusive method of obtaining the information.

*Id.* at 1167. As in the *Oliver* case, the documents Pharr has been ordered to produce "fall into the category of records in which the legitimate expectation of privacy is lowered because such records, in the course of their use, are bound to be seen by others." *Id.* at 1167 (footnote omitted). All of the records Pharr was ordered to produce are in the possession of governmental agencies; Pharr can comply with the court's order merely by authorizing these agencies to release copies of the records to the Borough. The minimal privacy interest Pharr has in these records is outweighed by the Borough's need to inspect them to implement its tax system. We thus conclude that the superior court did not err when it rejected this argument.

### IV. Privilege

■■■ Pharr's last argument is that the records sought by the Borough are privileged "under Civil Rule 26." This rule provides that discovery may be made of any matter not privileged.[8] Rule 26 does not

---

550 P.2d at 362, quoting *State v. Wylie*, 516 P.2d 142, 145 (Alaska 1973), which quoted *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989, 990–91 (1920).

7. AS 29.33.030 provides, in relevant part, as follows: "Boroughs shall assess and collect

property, sales and use taxes levied within their boundaries."

8. Alaska R.Civ.P. 26(b)(1) provides, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action."

create any new privileges; it only provides that matters already protected by a recognized privilege cannot be discovered. The only privilege that arguably protects Pharr's records in this case is the constitutional privilege against self-incrimination.[9] However, as we indicated in *State v. Oliver*, 636 P.2d 1156, 1163 (Alaska 1981), a taxpayer must show a "substantial and real hazard of incrimination" resulting from the production of the requested documents. Furthermore, Pharr contended she properly collected and remitted all sales taxes to the Borough and the Borough's action therefore was meritless. We thus conclude that the superior court correctly held these records are not privileged.

The order of the superior court is AFFIRMED.

---

**9.** U.S.Const. amend. V states in part, "No person ... shall be compelled in any criminal case to be a witness against himself." A nearly identical provision is contained in the Alaska Constitution in art. I, section 9.

Pharr has not suggested that any of the privileges recognized in Rules 501–09 of the Alaska Rules of Evidence are applicable.