STATE of Alaska, Department of Health
& Social Services, Office of Children's
Services, Petitioner,

v.

Jane DOE, et al., Respondents.

Supreme Court No. S–16241

Supreme Court of Alaska.

September 16, 2016

Before: Stowers, Chief Justice, Winfree,
Maassen, Bolger, and Carney, Justices.

### Order

On consideration of the Petition for Review filed on March 21, 2016, and the response filed on April 4, 2016,

**IT IS ORDERED:**

■ 1. The Office of Children's Services (OCS) petitions for review from a December 2015 discovery order allowing the exchange of confidential records between Jane Doe and OCS and a February 2016 order to compel granting Jane Doe's request for disclosure of largely unredacted OCS files likely to contain sensitive information regarding children and foster parents not party to these proceedings.[1] The petition is GRANTED IN PART, as follows.

2. Jane Doe had been under OCS's legal custody as a result of Child in Need of Aid proceedings, and OCS then placed her with a foster parent, Anya James, who later adopted her. In September 2014 Jane Doe sued OCS for negligently placing her with James, alleging that she and her adoptive siblings were "starved, tortured, and deprived of educational, health and social needs" while in James's care. Jane Doe sought support for her assertion that OCS had a pattern of negligence toward children in its custody by requesting disclosure of OCS's adoption records for other children placed in James's home, as well as OCS's foster parent and foster home records for "all other children place[d] with Anya James."[2] These records would include non-party medical, psychological, and other sensitive material subject to redaction only of names, personal identification numbers, and various financial account information.[3] OCS opposed the disclosure, asserting non-party privacy interests, prejudice, and unfair burden on OCS resources.

3. In December 2015 the superior court granted Jane Doe's request, ordering disclosure of the non-party records to "the parties, their counsel, employees of counsel legitimately involved in litigation, and witnesses," subject to some confidentiality agreements. In February 2016 the court affirmed its December 2015 grant of disclosure and entered an order compelling OCS's production without addressing OCS's inquiry whether in camera review would be conducted before disclosure to protect non-party privacy interests.

4. The superior court is directed to revisit the portions of its discovery order regarding OCS files on "any other children placed with Anya James" (other than the adoptive siblings) and on every foster parent with whom each of those children, as well as Jane Doe and her adoptive siblings, were placed.

■ 5. In revisiting its order the superior court should engage in—and express its reasoning about—balancing between Jane Doe's interest in disclosure of these files and the non-parties' privacy rights.[4] Although

---

1. Jane Doe argues the petition for review is untimely. Without deciding whether this petition was timely filed we note that Alaska Appellate Rule 502(b) allows us to validate an untimely petition sua sponte; we deem the matter raised sufficiently important to consider on its merits, and because the December 2015 order and the February 2016 order are interrelated, we consider them both here.

2. Jane Doe's adoptive siblings, but no other non-parties, have consented to disclosure of their OCS files to Jane Doe.

3. Redaction would be limited to personal information as defined in AS 45.48.010-.995 (Personal Information Protection Act). *See* AS 45.48.090(1)(B) (including governmental agencies as "covered persons" required to comply with the Act), and (7) (defining "personal information" as the individual's name in combination with one of the following: Social Security number; driver's license or state identification card number; account, credit card, or debit card number alone if no personal code is necessary to access the account; account or card number along with personal code if such code is necessary to access the account; or access codes for financial accounts).

4. *See State v. Glass*, 583 P.2d 872, 875, 880 (Alaska 1978) (first citing *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring), then citing *Smith v. State*, 510 P.2d 793, 797 (Alaska 1973)) (recognizing Alaska's constitutional protections for privacy when there is a subjective expectation of privacy and when that expectation of privacy is one that society recognizes is reasonable); *see also Doe v. Alaska Superior Court, Third Judicial Dist.*, 721 P.2d 617, 629 (Alaska 1986) (explaining that Alaska's right of privacy is implicated by the disclosure of personal information concerning a person's intimate concerns).

Alaska provides for liberal civil discovery[5] and sometimes compelling interests for disclosure outweigh interests in privacy,[6] it is part of the judicial function to ensure that intrusions into privacy are supported by sufficient justifications.[7] Courts therefore must engage in a balancing test to determine whether: (1) the party seeking privacy protection has a "legitimate expectation that the materials or information will not be disclosed"; (2) disclosure nonetheless is "required to serve a compelling state interest"; and (3) the necessary disclosure would occur in the manner least intrusive to privacy.[8]

 6. The superior court should also express its reasoning regarding the necessity of reviewing these files in camera, considering various factors including but not limited to: the relevancy of the voluminous disclosure; the potential of unnecessarily disclosing sensitive, non-party information;[9] the lack of notice to the non-parties about this disclosure; the practicability of such pre-screening; and the court's ability to engage in a balancing of interests without conducting a pre-screening. Courts are not required to conduct in camera review but may do so to ensure minimal intrusion of privacy.[10] And here—in light of privacy concerns, the breadth of the requested disclosure,[11] and OCS's request that the superior court clarify whether in camera review would be conduct-

**5.** See Doe, 721 P.2d at 620.

**6.** See Jones v. Jennings, 788 P.2d 732, 737–39 (Alaska 1990) (holding that state's compelling interest in maintaining and preserving its system of government by ensuring openness weighs against police officer's interest in keeping his personnel records private); cf. Pharr v. Fairbanks N. Star Borough, 638 P.2d 666, 670 (Alaska 1981) (holding "minimal privacy interest Pharr has in [her business] records is outweighed by the Borough's need to inspect them to implement its tax system"); State, Dep't of Revenue v. Oliver, 636 P.2d 1156, 1167 (Alaska 1981) (holding state's taxing power and interest in implementing its tax system justify intrusion of Olivers' privacy interests in their state income tax returns).

**7.** See Falcon v. Alaska Pub. Offices Comm'n, 570 P.2d 469, 476 (Alaska 1977); see also Noffke v. Perez, 178 P.3d 1141, 1151 & n.28 (Alaska 2008) (citing Falcon, 570 P.2d at 476).

**8.** Jones, 788 P.2d at 738 (citing Martinelli v. Dist. Court, 199 Colo. 163, 612 P.2d 1083, 1089 (1980) (en banc)); see, e.g., Noffke, 178 P.3d at 1150–52 (affirming trial court's application of Jones balancing test to determine whether disclosure of expert witness's income tax returns during litigation impermissibly invaded expert's privacy). In the context of safeguarding privacy rights, courts have appropriately considered other relevant factors, apart from those framed by the Jones balancing test, to determine whether disclosure was justified. See, e.g., Simone H. v. State, 320 P.3d 284, 288–89 (Alaska 2014) (applying CINA Rule 9(b)(3) and affirming trial court's determination that disclosure of confidential communications between child and her psychotherapist would have been an unnecessary invasion of child's privacy); Marron v. Stromstad, 123 P.3d 992, 999 (Alaska 2005) (affirming superior court's decision to bar disclosure of tax records when it had balanced plaintiff's interests in showing witness's bias against witness's privacy interests in tax information, noting also that records are proper-ly barred when a "more convenient, less burdensome, or less expensive" alternative source for the same information is available or when "the burden or expense of the proposed discovery outweighs its likely benefit" (citing Alaska R. Civ. P. 25(b)(2)(i) & (iii))).

**9.** See Doe, 721 P.2d at 629 ("[P]rivacy protection extends to the communication of 'private matters,' . . . 'sensitive personal information,' or 'a person's more intimate concerns' . . . . which, if disclosed even to a friend, could cause embarrassment or anxiety." (quoting Glass, 583 P.2d at 880; Falcon, 570 P.2d at 479–80; Pharr, 638 P.2d at 670)).

**10.** See Noffke, 178 P.3d at 1151 n.33 (recommending trial court conduct preliminary in camera record review and approve release of only those portions relevant to proceedings ensuring least intrusive disclosure of non-party witness's tax records); Jones, 788 P.2d at 739 (noting that trial court appropriately ensured minimal intrusion of privacy by reviewing police officer's personnel records in camera and allowing disclosure only after redacting the officer's name, address, and financial information); see also Simone H., 320 P.3d at 288–89 (holding in psychotherapist-patient privilege context, as governed by CINA Rule 9(b)(3), that trial court properly denied disclosure of child's confidential communications when it had reviewed communications in camera, engaged in balancing of interests, and considered whether disclosure would be unduly intrusive or otherwise improper before denying disclosure); CINA Rule 9(b)(3)(D) (specifying trial court "may" inspect requested records in camera before allowing, limiting, or prohibiting disclosure of confidential information).

**11.** See Alaska R. Civ. P. 26(b)(2)(iii) (allowing court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit").

ed—the superior court should at least express its reasoning in determining whether to conduct in camera review.

7. This order resolves the petition for review.

Entered by direction of the court.